## SAMUEL H. JONES v. BENEDICT DASHNER.

*Replevin—Impounding beasts—Notice.*

How. Stat. § 8362, plainly implies that a *written* notice shall be given by the person impounding beasts to the owner or person in charge of them, if known, and living within six miles from the place of impounding.

Error to Monroe. (Kinne, J.) Submitted on briefs November 20, 1891. Decided December 21, 1891.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*J. O. Zabel* and *I. G. Humphrey,* for appellant.

*Parker & Gilday,* for defendant.

MORSE, J. Plaintiff brought replevin under chapter 289, How. Stat., in justice's court for 23 sheep claimed to be impounded, and obtained judgment. The defendant claimed that he had lawfully impounded the sheep, and appealed to the circuit court, where he obtained verdict and judgment that he did not unlawfully detain the sheep, and also $13.63 damages, with costs of suit. The circuit judge submitted the case to the jury upon the theory that, if they found that these sheep were impounded by defendant on December 13, 1888, and that the sheep were taken up while doing damage to defendant's wheat, the defendant was entitled to recover the damages committed by the sheep, with the charges and expenses by reason of the distress.

In this he was in error. At the time of the impounding of the sheep, the plaintiff, the owner of them, was absent from the State, and did not return until January 3, 1889. No written notice of the impounding was given, but the defendant sent his son—a school-boy—to tell the wife of plaintiff that he had shut up the sheep. The boy testifies that he went and stood in the road, and called Tom, Mrs. Jones' boy, and that he came out, and that he told him. Mrs. Jones was on the front stoop. Witness does not state what he told the Jones boy. The statute (How. Stat. § 8362) plainly implies that a written notice shall be given, and reads as follows:

"When beasts are impounded for either of the causes aforesaid, the person impounding them shall, within twenty-four hours thereafter, give notice thereof to the owner or person having the care or control of them, if known, and living within six miles from the place of impounding, *which notice shall be delivered to the party, or left at his place of abode, and shall contain a description*

*of the beasts, and a statement of the time, place, and cause of impounding."*

But, if a verbal notice would be sufficient, the notice in this case was not a good one, as the proof fails to show that it was given to the wife, the person having the care and control of the sheep; and what was the notice given to the Jones boy does not appear, except that the sheep were shut up.

It is sought to bring this case within the opinion in *Norton v. Rockey,* 46 Mich. 460, and the circuit judge evidently thought that it was governed by that case. But the facts in the two cases are not similar. In *Norton v. Rockey,* the owner, who was unknown before that to the person who had taken up the horse, before the time in which to give notice had expired, came to the barn where the horse was, and was made acquainted with all the facts of which he would have been apprised by the statutory notice. It was held that he had waived the formality of notice, and that, under the circumstances, he could not bring trover; and that, if he was dissatisfied with the sum demanded, the statute gave him a right to assessment by disinterested persons (How. Stat. § 8365), or he might replevy, and have the damages assessed in the replevin suit. In this case replevin is brought under the statute. How. Stat. § 8372.

The fact that Mrs. Jones went and demanded the sheep that evening after the notice was given to her boy is of no moment. She testifies that defendant did not tell her for what cause or reason he had shut the sheep in, but said she could not have them until she paid $2, but did not tell her on what account the charge was made. The fact that, on cross-examination, she gave testimony tending to show that she knew the sheep had done damage does not help the defendant's case. When he chose the remedy for the damage done by impounding the sheep,

it was his duty to follow the statute. The plaintiff was entitled to his damages for the detention of the animals.

The judgment is reversed, and a new trial ordered, with costs of this Court to plaintiff.

The other Justices concurred.