## DANIELS v. FRANKLIN.

No. 680.    Opinion Filed November 16, 1910.

**MUNICIPAL CORPORATIONS—Ordinances—Impounding and Sale of Animals—Procedure.** An ordinance of an incorporated town made it unlawful for the owner of any horse to permit same to run at large within the town, and made it the duty of the town marshal to impound any horse found running at large within the corporate limits and immediately upon impounding same to advertise the same for sale by posting notice thereof in the manner and for the time prescribed by the ordinance. The ordinance also made it the duty of the town marshal to keep in

a book, suitable for the purpose, a complete record, showing the date and place of apprehending all animals taken up by him, the number of days such animals are impounded, the amount of fees, or a statement of the sale. amount received from such sale, and to turn all the money thus received over to the treasurer and make monthly reports, supported by his affidavit. **Held,** that failure of the marshal to keep the foregoing record prescribed by the ordinance did not render void the sale of a horse impounded by him and sold, in accordance with the provisions of the ordinance for the sale of stock impounded.

(Syllabus by the Court.)

*Error from Pontotoc County Court; Joel Terrell, Judge.*

Action in replevin by Albert Franklin against Joe Daniels. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Stone & Maxey,* for plaintiff in error.

HAYES, J. This is an action of replevin. Defendant in error was plaintiff below and plaintiff in error was defendant. They will be referred to hereafter in this opinion respectively as plaintiff and defendant. There was a trial to a jury, but the court at the conclusion of the evidence peremptorily instructed the jury to return a verdict in favor of plaintiff. There is but little, if any, conflict in the evidence; and the facts are substantially as follows: Plaintiff raised the horse in controversy, and he was continuously in plaintiff's possession until a short time before the institution of this action, when the horse was running at large in the town of Roff and was taken up by the town marshal and impounded. The marshal advertised the horse for sale, and, upon the date advertised, sold him at public auction to one Lewis Crisp, who was the highest bidder. Defendant purchased the horse from Crisp. Ordinance No. 40 of the town of Roff makes it unlawful for any person to permit any horse to run at large within the corporate limits of the town, and makes it the duty of the town marshal, when any such stock is found running at large within the corporate limits, to impound same. The marshal is required, immediately upon impounding any animal, to advertise the same for sale by posting in three public places the description of the animal and giving the

time and place of the sale, which shall not be less than five nor more than seven days after the notices have been 'posted. Section 7 reads as follows:

"It shall be the duty of the city marshal to keep in a well-bound book suitable for the purpose a complete record showing the date and place of apprehending any and all animals taken up under this ordinance with a full description of same, and the name of the owner of stock and his place of residence, if the owner be known, or that the owner's name is unknown, which record shall show the number of days such animal is impounded, the amount of fees or statement of the sale, amount received from such sale and to turn all money thus received over to the treasurer and make monthly reports supported by his affidavit showing a full and complete record of all animals impounded, penalties and fees received. * * * "

The marshal did not keep any book of the character required by the foregoing section, and did not make any record of the impounding and sale of the horse in controversy, as required by said section. For this reason, the trial court was of the opinion that the sale was void; and for such reason gave the peremptory instruction. The ordinance in all other respects was complied with, and no question of the validity of the ordinance was made. Whether the failure of the town marshal to comply with the requirements of section 7 vitiates the sale of the horse, is the sole question of law presented for determination.

It is a general rule that failure to follow the procedure prescribed by the statute providing for taking up, forfeiting or selling of animals running at large in violation of such statute or ordinance vitiates the sale. Failure to appoint appraisers when required, or to give notice of the time and place of sale, or to make the sale in accordance with the statute or ordinance, is fatal to the validity of the sale. 3 Am. & Eng. Encyc. of Plead. & Prac., p. 998. But the omissions complained of in this section do not pertain to matters required to be done before the sale or to matters in any way connected with the sale. That it was not contemplated that the duties prescribed by ordinance No. 40 should constitute a part of the procedure for the sale is manifest by the plain language of

the ordinance. Few, if any, of the things required therein could be done before the sale takes place and the property is transferred to the purchaser. The marshal, by reason of said ordinance, must not only give in the record required to be kept by him a description of the stock taken up, but.he must give a statement (1) of the number of days the animal was impounded; (2) the amount of fees; (3) statement of the sale; (4) amount received from such sale; (5) turning all money thus received over to the treasurer; (6) make monthly reports, supported by his affidavit. The nature of all these duties required is such that' they could only be performed after the sale had been consummated. The purpose of the notice of the time and place of the sale required by the ordinance is to give the owner of the property an opportunity to redeem his animal before the sale, as is permitted by the ordinance, by payment of the impounding fee, paying for feeding and caring for his stock while in the pound; but the record required by section 7 to be kept by the marshal can serve no such purpose. The purpose of this requirement was to secure a record upon which a settlement between the marshal and the city could be made; and so that information as to stock impounded and sold might be obtained by the public, in order that persons who had stock impounded and sold may make application at any time within six months after the sale, as is provided by section 9 of the ordinance, to have refunded to them all moneys arising from the sale, less the expense of impounding, feeding and caring for the stock and the expenses of the sale. Said section makes it the duty of the marshal to make monthly reports of all such sales, and to turn over all moneys received therefrom to the treasurer of the city. The succeeding sections of the ordinance make it the duty of the treasurer to keep a separate account of all moneys thus received by him from the marshal, and to keep a record of the date the stock were advertised, date of sale, and the amount received therefrom.

No reason could exist for vitiating the sale, because the marshal failed to keep the record prescribed by section 7, that would not require a vitiation of the sale, because he failed to make the

monthly report or to turn over the funds received, or because the treasurer failed to keep the record required by the ordinance to be kept by him. These provisions of the ordinance are merely for the purpose of defining the duties of these officers of the municipality, so that the funds derived from the sales of such property may, at all times, be readily traced and accounted for; and when application is made therefor by the owner of the stock impounded and sold, the remainder of the proceeds received from the sale may be refunded to him. They are not in the nature of a condition precedent to the sale.

As to any defect in the procedure before the sale, the purchaser is charged with notice of it; but no duty is imposed upon him as to the matters required by section 7 of the ordinance, and it would be impossible for the purchaser to know, at the time he bids upon the property and pays the purchase price, whether the duties prescribed by said section will be performed by the marshal. Failure of the marshal or of the treasurer to perform the duties prescribed relative to the keeping of the record might render him subject to an action for damages by the owner of stock who had suffered damages by reason of such omissions. But to hold that the purchaser runs the risk of having his title defeated by the failure of the officers to keep this record, or to perform some of the acts relative thereto, some of which from their nature are incapable of being performed until long periods of time have expired after the sale, would be to make titles so uncertain as to render the property sold at such sales valueless.

For these reasons, we think the trial court committed error, and the judgment is reversed and the cause remanded.

DUNN, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., not participating.