## McDONALD v. COBB.

No. 4989. Opinion Filed January 4, 1916.

(154 Pac. 345.)

1. ANIMALS — Restraining Stock — Requisites of Notice. Under Comp. Laws 1909, sec. 168, also Rev. Laws 1910, sec. 153, the notice required to be given by a party restraining stock, to the owner thereof, or the party having them in charge, need not be in writing.

2. SAME—Damages—Notice to Assess—Computation of Time. The 24 hours allowed under the same sections for the giving of notice to the justice of the peace to be and appear on the premises and assess damages must be estimated exclusive of Sunday.

(Syllabus by Bowles, C.)

*Error from County Court, Wagoner County;*
*Leon B. Fant, Judge.*

C. C. McDonald brought action in replevin against Alex Cobb. Judgment for defendant, and plaintiff brings error. Affirmed.

*Wm. H. Graham* and *H. E. Cunningham*, for plaintiff in error.

*W. T. & A. C. Hunt*, for defendant in error.

Opinion by BOWLES, C. This is an action in replevin, instituted by plaintiff in error against defendant

in error (hereinafter referred to as plaintiff and defendant, respectively), in the county court of Wagoner county. The replevin suit was defended upon the theory that the cattle claimed in the replevin action were rightfully held by the defendant under and by virtue of the herd law. Plaintiff complains that the defendant was not entitled to the possession of the cattle on account of irregularities in the distraint proceedings; in other words, that (1) the notice to the plaintiff, required under the statute, that his cattle were held to answer damages for trespassing upon the lands of the defendant, should have been in writing, and (2) the notice required by the statute to be given the justice of the peace should have been given within 24 hours, in the event a settlement was not effected after the first notice given; and of these contentions in their order.

The notices referred to are found in Comp. Laws 1909, sec. 168, also in Rev. Laws 1910, sec. 153, somewhat modified by the revision. Section 168 reads as follows:

"Within forty-eight hours after the stock has been restrained, Sunday not being included, the party so injured, or his agent, shall notify the owner of said stock, when known, and if unknown, the party having them in charge, and if said owner shall fail to satisfy the person whose lands are trespassed upon, he shall within twenty-four hours thereafter, notify some disinterested justice of the peace to be and appear upon the premises to view and assess the damages; such notice to be written."

It will be noticed that the statute provides that the owner shall, within 48 hours after the stock has been restrained, Sunday not being included, notify the owner of said stock, and, if said owner shall fail to satisfy the person whose lands are trespassed upon, he shall within 24 hours thereafter notify some disinterested justice of the

peace to be and appear upon the premises and view and assess the damages; such notice to be written.

Plaintiff claims the first notice to the owner or the party in possession should have been in writing, and, having been given verbally, was no notice at all. The statute being mandatory and jurisdictional, a failure to comply with the statute would lose to the defendant his right under the statute to hold the stock for damages sustained. As to the notice, the plaintiff cites *Ensley v. State,* 4 Okla. Cr. 49, 109 Pac. 250; *Clemmens v. State,* 5 Okla. Cr. 119, 113 Pac. 234; *Jones v. Dashner,* 89 Mich. 246, 50 N. W. 849; *Minard v. Douglas County,* 9 Or. 206, In *Jones v. Dashner, supra,* the statute provides that the person impounding animals shall give notice to the owner, which shall be delivered to the party or left at his place of abode and shall contain a description of the beasts. It is clear that the notice required under the Michigan statute must be in writing, for the manner of giving the same and the return thereof clearly imply that a written notice is required. In *Clemens v. State, supra,* Judge Doyle, who wrote the opinion, had under consideration the notice required by statute to be given by the defendant of his intention to appeal. This statute also provides that proof of such service of notice must be filed with the clerk of the court, clearly implying a written notice. But in this case a different statute is before us for consideration. In the instances cited, a written notice was intended by the statute, but the statute before us simply provides that the notice be given, and does not designate what sort of a notice, and in the same statute other notices are required to be given in writing. If the framers of the statute had been of the opinion that it was necessary to give the first notice, and the one complained of herein, in writing, it

McDonald v. Cobb.

would have been an easy matter for them to have said so; consequently we hold that the verbal notice in the instant case was sufficient.

It is next contended that the notice given to the justice of the peace was not given within the time required by law; that is to say, 24 hours after the giving of the first notice. The evidence shows that the first notice required was given verbally about 12:30 o'clock, Saturday, April 15th. Sunday intervening, within 24 hours, the notice was given to the justice of the peace about 10 o'clock the following Monday. Plaintiff in error contends that Sunday should have been counted in, and that consequently the notice was not given within 24 hours as required by the statute after giving the first notice. This contention is not wholly without reason, but we believe that under our statute, which provides (section 2937, Rev. Laws 1910), "Whenever any act of a secular nature, other than a work of necessity, or mercy, is appointed by law or by contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed," the notice required to be given in the present case not being an act of necessity or mercy, Sunday should be counted out, and if the notice is served within 24 hours, not counting Sunday, it is sufficient. It therefore follows that the notice given the justice of the peace was served in time.

This being the law, we find no error in the record, and recommend that the judgment of the court below be in all things affirmed.

By the Court: It is so ordered.