### NEWLAND v. HATTEN.

No. 11894—Opinion Filed Sept. 25, 1923.

1. **Animals — Trespassing Stock — Lien for Damages — Statutory Procedure.**

The proceedings provided in sections 3940 and 3944, Comp. Stat. 1921, authorizing the distraining of stock for trespassing upon the lands of another and permitting a justice of the peace to assess the damages, is a special proceeding by which the person whose lands are trespassed upon may establish a lien upon the trespassing animals and cause such animals to be sold to satisfy the same. And in pursuing such remedy such party must substantially comply with the provisions of the statute, or the entire proceedings will be rendered void.

2. **Same — Invalidity of Proceedings.**

When animals are distrained for trespassing, and notice is served upon the owner, and such owner refuses to settle the damages claimed, and the person distraining such animals neglects for more than 24 hours to notify a disinterested justice of the peace, in writing, to come upon the premises to view and assess the damages, as required by said section 3944, the right to proceed under said provisions is lost and all subsequent proceedings thereunder are void.

3. **Same — Jurisdiction of County Court on Appeal.**

An appeal to the county court from the proceedings of a justice of the peace awarding damages under the provisions of the herd law statute, when such proceedings are void for want of jurisdiction of the subject-matter of the proceedings, confers no jurisdiction upon such county court.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Harper County; A. H. Walker, Judge.

Action by Taylor Hatten against Jessie Newland. Judgment for plaintiff. Defendant brings error. Reversed and remanded, with directions.

D. P. Parker, for plaintiff in error.

B. F. Willett and M. A. Holcomb, for defendant in error.

Opinion by DICKSON, C. This is an appeal from a judgment of the county court of Harper county, Okla. The facts essential to an understanding of the case are as follows: On Friday, the 23rd day of May, 1919, at 9:00 o'clock a. m., the defendant in error impounded three calves belonging to the plaintiff in error, found trespassing upon his lands. At 1:30 o'clock p. m. of the same day the defendant in error notified the plaintiff in error that he had impounded said animals, but the plaintiff in error refused to satisfy or pay the defendant the damages claimed. The defendant in error retained possession of said animals, and Monday, the 26th day of May, 1919, and at one o'clock p. m. notified Chas. Eilerts, a justice of the peace, in writing, to come upon the premises to view and assess the damages.

It appears that the justice of the peace caused a written notice to be served upon the plaintiff in error that on the 27th day of May, 1919, he would appear upon the premises of the defendant in error and assess said damages. And on said date he proceeded to the premises of the defendant in error and assessed and awarded as damages 50 cts. per head for taking up said calves and $7.50 for caring for them during the time they were so impounded, and costs, amounting to $1.35.

The plaintiff in error made no appearance, but later, and on the same day, appealed from the action of the justice of the peace to the county court. And on the 20th day of January, 1920, said cause was tried in the county court of Harper county, Okla., resulting in a verdict and judgment in favor of the defendant in error and against the plaintiff in error.

The plaintiff in error contended in the trial court and contends here that by reason of the failure to notify the justice of the peace within 24 hours after the notice was given to the owner the lien was lost, and that the proceedings of the justice of the peace was void.

In pursuing the summary proceedings authorized by section 3940 of the statute it is necessary for the party asserting a right under it to substantially comply with its provisions. Said section authorizes the party whose premises are trespassed upon to "distrain the trespassing animals and retain the same in some safe place, at the expense of the owner, until damages are paid, as provided in this article," and section 3944 provides that the party distraining such animals shall notify the owner, "and if such owner shall fail to satisfy the person whose lands are trespassed upon, the party injured shall, within 24 hours thereafter, notify, in writing, some disinterested justice of the peace to come upon the premises to view and assess the damages."

If this last provision means anything, it means that the person distraining the animals must notify the justice of the peace within 24 hours from the time the owner is notified. In the instant case the notice was not served upon the justice of the peace for more than 71 hours after notice was given to the owner.

"Where statutes provide for the taking of animals damage feasant, all proceedings must be strictly in conformity thereto, or the distrainor will be liable as a trespasser ab initio." 2 A. & E. Ency. Law (2nd Ed.) 360.

"Perhaps no principle of law is better settled, or more firmly adhered to, than that in all penal or summary proceedings for the divestiture of title to property, the law must not only be construed strictly, but its substantial requirements must be closely observed. Laws authorizing the summary seizure and sale of animals running at large come within this rule and must, in all essential provisions, be strictly pursued; otherwise the whole transaction is void ab initio." Volume 1, R. C. L. page 1149, section 91.

In McDonald v. Cobb, 54 Okla. 365, 154 Pac. 345, it appeared that the owner was given notice at 12:30 o'clock Saturday, April 15th, and the notice to the justice of the peace was given about 10 o'clock the following Monday. It was contended in that case that the notice was not given within the time required by the statute; but it was held that Sunday should be excluded, and the notice was served within 24 hours not counting Sunday. Following the same rule in this case, and not including Sunday, still it was over 47 hours from the time the notice was given to the owner before the justice of the peace was notified. And the defendant in error had lost his right under these sections of the statute long before the notice was ever served upon the justice of the peace, Wyman v. Turner (Ind.) 42 N. E. 652; Chase v. Putnam (Cal.) 49 Pac. 204. It follows that the justice of the peace never obtained jurisdiction over the subject-

matter of this proceeding and the county court acquired none by reason of the appeal. Rhyne v. Manchester Assurance Co., 14 Okla. 555, 78 Pac. 558; Myers v. Berry, 3 Okla. 612, 41 Pac. 580.

We therefore recommend that the case be reversed and remanded to the county court of Harper county, with directions to dismiss the cause.

,By the Court: It is so ordered.