## HADDEN v. FISHER.

No. 20579. Opinion Filed Jan. 26, 1932.

Wilkerson & Brown, for plaintiff in error.

Langley & Langley, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Mayes county in favor of the defendant in error, plaintiff in the trial court, against the plaintiff in error, defendant in the trial court,

in an action in replevin. Hereinafter the parties will be referred to as they appeared in the trial court.

The defendant was engaged in the breeding of pure bred Aberdeen-Angus cattle. He kept a number of his cows in a pasture in Wagoner county. Adjoining that pasture was a pasture in which the plaintiff kept a Jersey bull. On the line between the two pastures there was a party fence. The defendant found the plaintiff's bull in a pasture with his cow. He took up the animal, moved it over into Mayes county, placed it in an enclosure there and held it. The plaintiff instituted this action in replevin to recover possession of the bull. The defendant made redelivery bond and held possession of the animal thereunder. He filed an answer and a cross-bill of particulars, alleging damage caused by the trespass of the animal on his premises. The plaintiff filed an answer to the cross-bill of particulars in which, among other things, he presented the question of jurisdiction of the court.

The action was tried in a justice court of Mayes county. An appeal from the judgment therein rendered was taken to the district court of Mayes county, where the action was tried to a jury. Judgment in favor of the plaintiff was rendered on the verdict of the jury, and from that judgment the defendant appealed to this court.

Under the law of Oklahoma, with certain exceptions, cattle are prohibited from running at large and may be distrained and held for damages done upon the lands and premises of another. Section 3940, C. O. S. 1921.

The only question here necessary for determination is: Did the defendant proceed according to law to collect whatever damage might have been done? Upon the answer to that question depends the right of the defendant to hold the animal held by him under his redelivery bond.

The record shows that the defendant removed the animal from Wagoner county, where the trespass was alleged to have been committed and the county of the residence of the plaintiff, and confined it in Mayes county. The question of the jurisdiction of the court was raised by the plaintiff in the pleadings. The record shows that the defendant notified the plaintiff, or Phillips, who was in charge of the pasture, on Sunday and that no notice to a justice of the peace had been given or any further proceedings to collect damages had been begun by the defendant on the Wednesday following when the plaintiff filed his action in replevin.

The statute providing for the assessment of damages and for the sale of trespassing cattle is a special statute and the provisions thereof must be followed. That statute is section 3944, C. O. S. 1921. The record shows that the things prescribed by the statute to be done were not done and no excuse is shown for the failure to do so.

In Newland v. Hatten, 92 Okla. 207, 218 P. 822, this court held:

"When animals are distrained for trespassing, and notice is served upon the owner, and such owner refuses to settle the damages claimed, and the person distraining such animals neglects for more than 24 hours to notify a disinterested justice of the peace, in writing, to come upon the premises to view and assess the damages, as required by said section 3944, Comp. Stat. 1921, the right to proceed under said provisions is lost and all subsequent proceedings thereunder are void."

In that case this court quoted with approval from 2 A. & E. Ency. Law (2nd Ed.) 360, as follows:

"Where statutes provide for the taking of animals damage feasant, all proceedings must be strictly in conformity thereto, or the distrainor will be liable as a trespasser ab initio."

And from vol. 1, R. C. L., page 1149, section 91, as follows:

"Perhaps no principle of law is better settled, or more firmly adhered to, than that in all penal or summary proceedings for the divestiture of title to property, the law must not only be construed strictly, but its substantial requirements must be closely observed. Laws authorizing the summary seizure and sale of animals running at large come within this rule and must, in all essential provisions, be strictly pursued; otherwise, the whole transaction is void ab initio."

The defendant lost the right to hold the animal by failing to comply with the requirements of the statute, and the plaintiff was entitled to the possession of the same at the time the replevin action was commenced.

We are not concerned with the question of the right of the defendant to recover damages, if any, for injuries sustained by him. If the defendant has been injured by the wrongful trespass of the animal of the plaintiff upon the property of the defendant, that fact does not entitle the defendant to hold possession of the property of the plaintiff, except upon compliance with the requirements of section 3944, supra.

We do not consider it necessary to discuss the many assignments of error presented by the defendant. Suffice it to say

that the record shows a fair trial, under proper instructions to the jury, resulting in a verdict for the plaintiff. No other verdict should have been rendered under the facts in this case.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.