### HARLEY v. MONCRIEF.

No. 24423.    Feb. 12, 1935.

Rehearing Denied March 19, 1935.

H. B. Lockett, for plaintiff in error.

Long & Martin, for defendant in error.

PER CURIAM. The record discloses that in July, 1931, the plaintiff in error, A. N. Harley, was the owner of approximately 58 head of cattle, which, on July 26, 1931, the day being Sunday, at about one o'clock, and while said cattle were in charge of Jess Mauldin, an agent of Harley, broke and entered the premises of the defendant in error, Clinton Moncrief, and did some damage to his growing crops. The defendant in error, Moncrief, seized the cattle, and shortly thereafter the said Mauldin returned and was notified that the cattle had been seized and were being held until the damages done by them were settled, and that the amount of the damages was $50, which Mauldin refused to pay. The cattle were held for more than a week thereafter. The owner, Harley, visited the scene of the detention of said cattle on either Monday, July 27, 1931, or Tuesday, July 28, 1931, the day being in controversy, and being one of the issues tried in the court below, and had a

conversation with the defendant in error in which he was advised that the cattle were being held as security for the damage done by them.

On the 29th day of July, 1931, notice was given by Moncrief, the defendant in error, to John W. Scott, a justice of the peace of Stephens county, that these cattle had been distrained for trespass upon the premises and crop of the defendant in error, and he thereupon, on the 29th day of July, 1931, issued a notice of assessment of damages, to the effect that he would, on the following August 1, 1931, at the hour of ten o'clock a. m., visit the premises and take such action as the law required for assessing the damages. The record discloses that he gave two copies of this notice to the defendant in error and to his attorney, J. B. Wilkinson, and the defendant in error testifies that he immediately thereafter served a copy of this notice upon the plaintiff in error. who does not deny such service, but states that he has no recollection of having such a notice served upon him. Thereafter, on the 1st day of August, 1931, the said justice of the peace, John W. Scott, visited the premises and heard testimony as to the extent of the damages, but it does not appear that the plaintiff in error was present at the said hearing or any part thereof; and after said hearing the said justice of the peace, on the 3rd day of August, rendered his decision awarding the defendant in error the sum of $14 for damages to the crop and $78 for feeding and caring for said cattle during the time between their seizure and the date of the judgment.

From this assessment of damages the plaintiff in error appealed on August 3, 1931, and gave bond as provided by the statute, and thereafter the matter was docketed on the 1st day of February, 1931, in the district court of Stephens county, Okla., and heard in said court on the 1st day of April, 1932, before the court and a jury duly selected; and after the submission of the evidence, and under the instructions of the court, the jury returned a verdict for the defendant in error, Clinton Moncrief, against the said A. N. Harley, in the sum of $30. Thereafter, on April 2, 1932, motion for new trial was duly filed, and on the 6th day of December, 1932, overruled, and notice of an appeal to this court given and thereafter perfected.

It is contended by the plaintiff in error that the trial court erred in the following particulars: By overruling the demurrer of the defendant at the close of the plaintiff's evidence; by refusing to instruct the jury to return a verdict for the defendant; in rendering judgment against the defendant; in overruling the defendant's motion for a new trial; and in not finding that the justice of the peace who assessed said damages was without jurisdiction to assess the damages against the plaintiff in error; and for the reason that the district court of Stephens county was also without jurisdiction on appeal to render the judgment from which this appeal is prosecuted.

The entire question turns upon a technical construction of the law relative to seizure of trespassing animals, as provided in sections 9010 and 9011, Okla. Stat. 1931 (C. O. S. 1921, secs. 3944-3945).

The first of these sections relates to the assessment of damages occasioned by the trespassing of stock, and the second is solely with regard to the procedure thereafter. These two sections are as follows: .

"9010. Assessment of Damages—Sale of Stock.

"Within 48 hours after stock has been distrained, Sunday not being included, the party distraining, or his agent shall notify the owner of said stock, when known, or, if unknown, the party having them in charge; and if said owner shall fail to satisfy the person whose lands are trespassed upon, the party injured shall, within 24 hours thereafter, notify in writing some disinterested justice of the peace to come upon the premises to view and assess the damages. The justice shall, within 48 hours after receiving such notice, Sundays and holidays excepted, proceed to view and assess the damages, and a reasonable amount to be paid for seizing and keeping said stock, and if the person owning such distrained stock, fail to pay such damages as assessed, the justice shall post in three conspicuous places in the township where such damages were done, notices that said stock, or so much thereof as are necessary to pay such damages, with cost of sale, will be sold to the highest bidder. Said sale shall take place at the enclosure where said stock were distrained, between the hours of one and three p. m. on the tenth day after the posting of such notices. Sunday excepted. Any money or stock left after satisfying such claims shall be returned to the owner of the stock sold.

"9011. Appeal from Assessment of Damages—Bond.

"The justice shall make his assessment in writing and file the same with the county clerk, to be kept in his office. Any person aggrieved by the action of the justice under this article, may appeal therefrom, as from the judgment of a justice of the peace. The person appealing shall file with the justice

of the peace a bond, in a penalty double the value of the property distrained, or, if the value of the property exceed the amount of damages claimed, then in double the amount of damages, with good and sufficient sureties, to be approved by the justice of the peace, and from and after the filing of the appeal bond, the same shall operate as a supersedeas. In case the owner of such stock be the appellant, the same shall be delivered to him. The justice of the peace shall, after the appeal is taken, certify all the original papers in the case to the court to which the appeal is taken in the same manner and within the same time as taking appeals from a judgment of a justice of the peace."

Substantially the only error complained of is that notice to the justice of the peace was not given by the defendant in error within 24 hours after he seized or distrained the cattle involved in this controversy; and, second, that the justice of the peace did not within 48 hours after receiving such notice proceed to view and assess the damages.

The whole question as to the first error complained of turns upon the date of the giving of notice by Moncrief to Harley. It is contended by the plaintiff in error that the notice was given to him by Moncrief on Monday, July 27th; while the defendant in error, Moncrief, contends that the notice was not given until Tuesday, July 28th. It is undisputed that notice to the justice of the peace was given on the 29th of July, 1931, though the hour at which the notice was received by him is claimed by the parties to have been either 10 a. m. or 2 p. m., and this is one of the controversial matters in the case.

In the trial of the case the district court of Stephens county, among the issues submitted to the jury by the trial court were the statements relative to the statutory law of the state and the requirement that the person seizing trespassing cattle shall notify the owner of such stock, and within 24 hours thereafter notify some disinterested justice of the peace to come upon the premises and view and assess the damage, and that such justice shall thereafter within 48 hours proceed to view and assess the damages; and also the trial court submitted to the jury the question as to whether or not the plaintiff below, Moncrief, had notified a justice of the peace within 24 hours after the notice to the owner of the cattle, and charged them that in the absence of such notice he would not be entitled to recover.

We, therefore, find that this was an issue of fact as to the time the said notice to the justice of the peace was given, and whether it was within 24 hours after notice to the owner; and the jury having passed upon this controverted issue of fact, and having found that the necessary notices were given, this conclusion of fact will not be disturbed.

It is true that this court has in numerous cases held that the provision for the seizure of trespassing stock and the assessment of damages for such trespass is a purely statutory one and will be construed strictly. Daniels v. Franklin, 27 Okla. 484, 112 P. 971; Newland v. Hatten, 92 Okla. 207, 218 P. 822. And this court has held in Newland v. Hatten, supra, as follows:

"When animals are distrained for trespassing, and notice is served upon the owner, and such owner refuses to settle the damages claimed, and the person distraining such animals neglects for more than 24 hours to notify a disinterested justice of the peace, in writing, to come upon the premises to view and assess the damages, as required by said section 3944, C. O. S. 1921, the right to proceed under said provisions is lost and all subsequent proceedings thereunder are void."

And with this precedent, we hold that the procedure as provided in the statutes must be followed.

It must be observed that the statute excludes Sundays in calculating the time for the various notices, and therefore the day of this seizure should be disregarded in determining such time, and as the jury has passed upon the issue of fact as to whether the notice was given to the owner on Monday or Tuesday, and determined such issue in favor of the defendant in error, this issue will be deemed to have been concluded; and the notice unquestionably given to the justice of the peace on Wednesday, the 29th, is apparently within 24 hours after the notice to the owner, which was within 48 hours after the stock was distrained, excluding Sunday.

The remaining provision, that the justice of the peace shall within 48 hours after receiving such notice proceed to view and assess the damages, apparently has never been construed by this court, and though the notice given by the justice of the peace on July 29th was to the effect that such view and appraisal would not take place until the following Saturday, August 1, 1931, this does not appear to have resulted in harm, and does not constitute reversible error.

We fail to find that there is any reversible

error in the record in this case, and the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys N. A. Gibson, Samuel A. Boorstin, and Ed Waite Clark in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gibson, and approved by Mr. Boorstin and Mr. Clark, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

On Rehearing.

OSBORN, V. C. J. We have carefully considered the petition for rehearing in the above cause in view of the allegation of conflict with the case of Newland v. Hatten, 92 Okla. 207, 218 P. 822. We are of the opinion that there is no conflict with the principles laid down in said case, and we adhere to the advisory opinion heretofore adopted, and the petition for rehearing is denied.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., absent.