## BODOVITZ v. KINCHELOE.

No. 24759.   Dec. 15, 1936.

Sigler & Jackson, for plaintiff in error.

Earl A. Brown, for defendant in error.

PER CURIAM. For convenience the parties will be referred to as they appeared in the district court. The record discloses that in October, 1930, Jake Bodovitz, the defendant below, was the owner of certain stock, which were in charge of a Mr. Cooney; that on October 29, 1930, the stock broke into the premises of the plaintiff below, W. M. Kincheloe; did some damage to his growing crop. Kincheloe seized the stock and gave notice to Mr. Cooney that he had the stock and that they were being held until the damage done by them was settled, and that the amount of the damage was $25. The defendant refused to pay. The next day he gave notice to A. J. Cook, the justice of the peace of the county, that the stock had been restrained for trespassing upon his premises, and requested this justice of the peace to visit the premises and assess the damage. The day after, the said justice of the peace visited the premises and assessed the damage. Thereafter, the said defendant, Jake Bodovitz, executed and filed an appeal bond, and a transcript of the proceedings was filed in the district court. Thereafter, on the 12th day of October, 1932, this cause came on for trial, both parties being present, announced ready for trial, and waived a jury. The court thereupon proceeded to hear said cause, and upon conclusion thereof made a finding in favor of the plaintiff, W. M. Kincheloe, and fixed and assessed his damage at $35.25. Motion for new trial was filed, and thereafter this motion for new trial was heard and overruled, and notice of appeal to this court given and thereafter perfected.

It is contended by the plaintiff in error that the trial court erred in the following particulars:

In overruling the defendant's motion for new trial; in overruling the defendant's demurrer to the plaintiff's testimony; in admitting certain irrelevant and incompetent testimony offered for the plaintiff and against the defendant.

The plaintiff in error complained that there was a total failure to comply with the statute relative to the seizure of trespassing animals as provided in section 9010, O. S. 1931. This section relates to the assessment of damages occasioned with trespassing of stock.

Section 9010, supra, is as follows:

"Within forty-eight hours after stock has been distrained, Sunday not being included, the party distraining, or his agent, shall notify the owner of said stock, when known, or, if unknown, the party having them in charge; and if said owner shall fail to satisfy the person whose lands are trespassed upon, the party injured shall, within twenty-four hours thereafter, notify in writing some disinterested justice of the peace to come upon the premises to view and assess the damages. The justice shall, within forty-eight hours after receiving such notice, Sundays and holidays excepted, proceed to view and assess the damages, and a reasonable amount to be paid for seizing and keeping said stock, and if the person owning such distrained stock, fail to pay such damages as assessed, the justice shall post in three conspicuous places in the township where such damages were done, notices that said stock, or so much thereof as are necessary to pay such damages, with cost of sale, will be sold to the highest bidder. Said sale shall take place at

the enclosure where said stock were distrained, between the hours of one and three p. m. on the tenth day after the posting of such notice, Sunday excepted. Any money or stock left after satisfying such claims shall be returned to the owner of the stock sold."

The testimony of the plaintiff, Kincheloe, is that on the next day after he discovered the trespassing stock, he notified one Mr. Cooney, who was the agent of the defendant, Bodovitz. Some complaint is made that this was not sufficient notice. Section 9008, O. S. 1931, defines who is the owner to whom notice shall be given. The section is as follows:

"The word 'owner' as used in this article shall include the person entitled to the immediate possession of the animal, and also the person having charge or care of the same, and also the person having the legal title thereto."

The records show that on the same day the plaintiff notified the justice of the peace, and that he viewed the premises and assessed the damage. The report of the justice of the peace does not give the date that he viewed the premises and assessed the damage, but his return was made under date of November 3, 1930. There is testimony of another witness who testified that he was present when the justice of the peace viewed the premises and made the assessment, and he testified that this was done on October 31, 1930. There is other evidence which tends to conflict and dispute these facts. This presented a question of fact to the court, and the court having passed upon this controversial issue of fact, made a general finding of fact in favor of the plaintiff, and by doing so must necessarily have found every special thing necessary to sustain the general finding. Lookabaugh v. Bowmaker, 21 Okla. 489, 96 P. 651, and Dunham v. Holloway, 3 Okla. 244, 41 P. 140.

The defendant, Bodovitz, took the further position that the testimony was insufficient to authorize the court to assess any damage, because the defendant in error failed to prove any damage, the burden being upon the defendant in error to prove these damages. The record discloses that the justice of the peace, after viewing the premises, assessed the damage in the amount of $35.25. The plaintiff, Kincheloe, testified that he was a farmer; had been engaged in farming all of his life; that he had a tract of about 30 acres of corn, and that most of the field was damaged, and that in addition thereto he kept the five head of stock for approximately 12 to 14 days, after the trespass was committed. One Cypert, testifying on the part of the plaintiff, testified that he was present at the time the justice of the peace viewed the premises and assessed the damage; that he had farmed practically all of his life; that he went over the field; and that in his opinion not less than 40 bushels of corn were destroyed. The defendant, Bodovitz, offered no evidence as to the amount of the damage that was done.

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Joe B. Houston and Hughey Baker in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Houston and approved by Mr. Baker, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, BUSBY, and WELCH, JJ., absent.