**Charles MERKLE, Plaintiff in Error,**

v.

**Horace J. YARBROUGH, Defendant in Error.**

No. 39885.

Supreme Court of Oklahoma.

Jan. 22, 1963.

J. C. Cornett, Pawhuska, for plaintiff in error.

T. F. Dukes, Hominy, for defendant in error.

IRWIN, Justice.

Charles Merkle commenced a proceeding against Horace J. Yarbrough alleging two causes of action. In the first cause plaintiff alleged that defendant had unlawfully taken possession of certain cattle belonging to plaintiff and caused them to be sold at public auction; that plaintiff was entitled to damages for the reasonable market value of the cattle at the time of the conversion and sale. In the second cause plaintiff alleged that defendant had illegally detained and restrained certain other cattle belonging to plaintiff; that during such illegal detention the cattle were not properly cared for and depreciated in value; that plaintiff was entitled to damages for the depreciation in value.

After the issues were joined in the trial court plaintiff filed a motion for pre-trial and the same was granted. A pre-trial was had and the trial court prepared and filed an "Interpretation of Law in accordance with Pre-Trial Stipulation", which contained, inter alia, the following:

"It was stipulated that the alleged conversions of the plaintiff's livestock consisted of the defendant taking up of the plaintiff's livestock and selling them for alleged damages to defendant's grazing lands caused by the straying livestock.

"It was stipulated that the livestock was taken up and sold under the provisions of Title 4, Oklahoma Statutes Annotated, Sections 131, 135, 136 and 184.

"It is agreed by all parties to the cause that further proceedings in this cause rests upon the interpretation of the provisions of Title 4, Sections 131, 135, 136 and 184 of Oklahoma Statutes Annotated. If said so-called herd laws apply to 'agricultural crops' only, then this proceeding should be tried as to amount of damages involved. If said so-called herd laws apply to 'grazing lands' as well as 'agricultural crops', then it would be unnecessary to proceed further."

Both parties briefed the matter and after consideration the trial court found: (1) That the herd law in Oklahoma covers grazing land and the defendant had a right to distrain the cattle. (2) That under Oklahoma Statutes the Justice of the Peace had jurisdiction to proceed to sell the cattle under distraint to satisfy the damage and that upon failure to appeal from the Justice of the Peace Court the matter is res adjudicata and fully settled. Thereupon the trial court dismissed the proceeding for lack of jurisdiction. Plaintiff perfected this appeal from such order.

## PROPOSITION I

Plaintiff contends the herd laws of Oklahoma are applicable only to damages sus-

tained to "agricultural crops" or "agricultural land" and that such laws are not applicable to "grazing land"; and that the trial court erred in holding that the herd laws were applicable to "grazing land".

To sustain this proposition, plaintiff relies on the case of Champlin Refining Co. v. Cooper, 184 Okl. 153, 86 P.2d 61, wherein we held:

"Section 9006, O.S.1931, 4 Okl.St.Ann. § 131, was enacted by the Legislative Assembly of Oklahoma Territory to protect agricultural crops from damages by domestic animals, * * *."

The sole issue in that case as stated in the opinion was "whether the presence of a domestic animal at large and unattended, upon a public highway, in violation of a statute, (the herd law), which imposes a positive duty upon the owner thereof of preventing such an animal from running at large and unattended, is prima facie evidence of negligence on the part of the owner. * * *." In that case the action was for damages resulting from a collision between an automobile and a horse, owned by defendant and running at large and unattended, upon a public highway. That case did not involve the issue in the instant action as set forth in the stipulation and the language that the enactment was for the protection of agricultural crops from damage by domestic animals was unnecessary in determining the issue involved.

Title 4 O.S.1961, Sec. 94, provides:

"All domestic animals shall be by the owner thereof restrained at all times and seasons of the year from running at large in the State of Oklahoma. Damages sustained by reason of such *domestic animals trespassing upon the lands of another* shall be recovered in the manner provided by law in 4 O.S. 1951, Sections 131, 135, 136 and 184. * * *." (emphasis added)

Title 4, O.S.1961, Sec. 131, provides:
"The owner of any stock or domestic animal prohibited by law, from running at large * * * shall be liable for all damages done thereby while

wrongfully remaining at large upon the public highway *or upon the lands of another*; which damages may be recovered by action at law; or the party injured may at his option, distrain the trespassing animals and retain the same in some safe place, at the expense of the owner, until damages are paid, as provided in this Article, * * *." (emphasis added)

It is apparent that the above statutes do not limit damages to "agricultural crops and/or land" but by the express language in both statutory provisions this language is employed, "upon the lands of another".

In the case of Low v. Barnes, 30 Okl. 15, 118 P. 389, we said:

"The statutes in force here make no reference to injury done on cultivated lands, but provide for all damages done either upon the public highway or upon the lands of another; and the only reasonable construction that can be placed upon said statutes is that the owner of trespassing stock, prohibited by law from running at large, shall be liable for all damages done by such animals while upon the lands of another. * * *"

In the later case, Hadden v. Fisher, 154 Okl. 228, 7 P.2d 488, the plaintiff and defendant had adjoining pastures and the plaintiff's bull broke into defendant's pasture and the defendant distrained the bull for damages done upon the land and premises. Cultivated lands or agricultural crops were not involved, but only pasture land. While the case went off on failure of the defendant to properly follow the statutory procedure for collecting damages, we did say that:

"Under the law of Oklahoma, with certain exceptions, cattle are prohibited from running at large and may be distrained and held for damages done upon the lands and premises of another.

* * * * * *

"The defendant lost the right to hold the animal by failing to comply with the requirements of the statute, and the plaintiff was entitled to the possession of the same at the time the replevin action was commenced."

In view of the plain language used in the statutory provisions we can not conclude that such language limits its applicability to "agricultural crops and/or land" but can only conclude that the language "upon the lands of another" includes "grazing lands". We further conclude and hold that any language employed in Champlin Refining Co. v. Cooper, supra, which might be construed to limit our herd laws as being applicable to only "agricultural crops and/or land" is specifically disavowed.

PROPOSITION II

Plaintiff contends that if the trial court did not err in dismissing the first cause of action, it erred in dismissing the second cause of action.

Assuming, but not deciding, that plaintiff's contention might be meritorious under some circumstances, such contention can not be sustained in this action. According to the stipulation the parties agreed that "if said so-called herd laws apply to 'agricultural crops' only, then this proceeding should be tried as to amount of damages involved. If said so-called herd laws apply to 'grazing lands' as well as 'agricultural crops' then it would be unnecessary to proceed further." At the pre-trial no issue was raised as to failure to properly feed the restrained cattle which formed the basis for plaintiff's second cause of action, nor was this cause reserved for later consideration if the trial court found that the herd law was applicable to "grazing lands". Therefore, plaintiff proceeded upon the theory that if the herd laws of Oklahoma were applicable to "grazing lands" as well as to "agricultural lands and crops" that it would be unnecessary to proceed further in both causes of action and if the herd law was not applicable to "grazing lands" then the trial court should proceed in both causes.

It is well settled that a party will not be permitted to prevail on appeal or seek review on a theory which was not presented to the trial court. See Parkhill Truck Company v. Reynolds, Okl., 359 P.2d 1064; and Smiley v. Jaggers, Okl., 327. P.2d 652.

We can only conclude that plaintiff proceeded and both causes were presented to the trial court under the theory that if the plaintiff was not entitled to recover on one cause of action he would not be entitled to recover in the other. We therefore hold that plaintiff is not entitled to seek a review on a theory which was not presented to the trial court.

Order dismissing the proceeding is affirmed.