**V. McCOWN, Plaintiff in Error,**

v.

**George JOHNSON, Defendant in Error.**

No. 40152.

Supreme Court of Oklahoma.

Dec. 10, 1963.

Robert H. Macy, Ada, for plaintiff in error.

Lawrence H. Green, Ada, for defendant in error.

BERRY, Justice.

For convenience, the parties will be referred to as they appeared in the trial court and by name.

The record in this case discloses that on the morning of December 21, 1961, at approximately 3:00 o'clock A.M., plaintiff George Johnson distrained several trespassing head of livestock which he found in the yard around his house. Johnson recognized the cattle as belonging to defendant, V. McCown. That same morning he went to the McCown home, notified him of the situation and made demand on him for payment of the damages sustained to his property. McCown refused to pay any such damages.

On the 3rd day of January, 1962, at 2:30 P.M. there was filed in the office of the County Clerk of Pontotoc County, Oklahoma, a notice to assess damages, directed to Bert Ratliff, Justice of the Peace, Ada Township, Ada, Oklahoma, notifying the said justice of the peace of the impoundment of McCown's cattle by Johnson on the 21st of December, 1961, and requesting the said justice of the peace to go upon the damaged property and assess the damages sustained thereto. This notice was dated December 27, 1961. Filed with this notice was the justice of the peace's return stating that he did, on the 27th day of December, 1961, go upon the described premises, view the damages and assessed the damages thereto at $150.00.

Following the filing of the notice and return by the justice of the peace, an appeal was taken by McCown to the District Court of Pontotoc County, Oklahoma. Thereafter, the matter was tried to the court who gave Johnson a judgment for $216.52. From this judgment and the court's order overruling motion for new trial, this appeal was lodged by McCown.

**620**

The sole issue presented here by Mc-Cown is whether the record supports the trial court's ruling when tested by 4 O.S. 1961, Sec. 135. Said section provides:

"Within forty-eight hours after stock has been distrained, Sunday not being included, the party distraining, or his agent, shall notify the owner of said stock when known, or, if unknown, the party having them in charge; and if said owner shall fail to satisfy the person whose lands are trespassed upon, the party injured shall, within twenty-four hours thereafter, notify in writing some disinterested justice of the peace to come upon the premises to view and assess the damages. The justice shall, within forty-eight hours after receiving such notice, Sundays and holidays excepted, proceed to view and assess the damages, and a reasonable amount to be paid for seizing and keeping said stock, and if the person owning such distrained stock fail to pay such damages as assessed, the justice shall post in three conspicuous places in the township where such damages were done, notices that said stock, or so much thereof as are necessary to pay such damages, with cost of sale, will be sold to the highest bidder. Said sale shall take place at the enclosure where said stock were distrained, between the hours of one and three P.M. on the tenth day after the posting of such notices, Sunday excepted. Any money or stock left after satisfying such claims shall be returned to the owner of the stock sold."

The statute, supra, as originally enacted, and as amended by subsequent amendment, has been construed and applied in earlier appeals. In Hejduk v. Snyder, 76 Okl. 74, 183 P. 923, the action, brought under Sections 153–154 of the Revised Laws 1910, was defined as a "special proceeding".

In Newland v. Hatten, 92 Okl. 207, 218 P. 822, the court reiterated the above principle and in Syllabus 2 stated the following rule:

"When animals are distrained for trespassing, and notice is served upon the owner, and such owner refuses to settle the damages claimed, and the person distraining such animals neglects for more than 24 hours to notify a disinterested justice of the peace in writing to come upon the premises to view and assess the damages, as required by said section 3944, Comp.St. 1921, the right to proceed under said provisions is lost, and all subsequent proceedings thereunder are void."

■  The rule so established has been recognized and applied in Hadden v. Fisher, 154 Okl. 228, 7 P.2d 488; Harley v. Moncrief, 171 Okl. 139, 41 P.2d 56; Keel v. Jones, 174 Okl. 104, 50 P.2d 330; and Bodovitz v. Kincheloe, 178 Okl. 442, 63 P.2d 100. In the latter case Syllabus 1 states:

"The proceedings provided in sections 9010 and 9011, O.S.1931, authorizing the restraining of stock for trespassing upon the lands of another, and permitting a justice of the peace to set the damages, is a special proceedings by which the person whose land is trespassed upon may establish a lien upon the trespassing animals, and cause such animals to be sold to satisfy the same. And in pursuing such remedy, such party must substantially comply with the provisions of the statute or the entire proceedings will be rendered void."

In the present appeal the evidence is undisputed that plaintiff distrained the cattle the morning of December 21st. And, the same day he notified defendant of the distraint and demanded damages which demand was refused. Thereafter the plaintiff served the requisite statutory notice upon the justice of the peace. The evidence relative to the date of service of the Notice To Assess Damages, although inconclusive in some respects, established that it was served upon the justice of the peace on December 27, 1961 or thereafter.

The provisions of the statute, supra, require notice to the owner, or person in charge, of the stock distrained within 48 hours. Upon failure or refusal of the owner to satisfy the person whose lands are trespassed upon, the injured party is granted 24 hours to notify some disinterested justice of the peace in writing to view and assess damages.

It is established that notice and demand for damages was given defendant on December 21, 1961, and at that time demand was refused. Thus plaintiff had 24 hours' time within which to serve the required notice upon the justice of the peace, and this time expired on December 22, 1961, unless a Sunday or holiday intervened. The record indicates that the notice to assess damages was not served before December 27, 1961.

■ Not having satisfied the statutory requirement relative to service of the notice, it follows that the justice of the peace never obtained jurisdiction of the subject matter, and the trial court acquired no jurisdiction by the purported appeal. We find and hold the record fails to show substantial compliance with the statutes.

Plaintiff urges a jurisdictional defect in the proceedings in that the justice of the peace failed to and/or failed to timely certify a transcript of his proceedings and failed to file and/or timely file the same in the district court.

Defendant responded to this assertion by showing that a "Transcript of Docket (from Justice of the Peace Court)", which reflects defendant, on January 4, 1962, filed "an appeal bond to the District Court of Pontotoc County". This "Transcript of Docket" reflects it was filed with the Court Clerk of Pontotoc County on January 30, 1962.

In Chicago, R. I. & P. Ry. Co. v. Elsing, 52 Okl. 329, 152 P. 1091, we held:

"Where, in an action commenced before justices of the peace, after trial had and judgment rendered, an appeal bond is duly filed and approved, the appeal is thereby perfected, and the action is still pending, although no transcript has been filed with the clerk of the appellate court."

39 O.S. (1961) § 243 places the duty on the justice of the peace to certify and to deliver or transmit his proceedings to the court to which the appeal is to be transferred.

■ For the above reasons, we find no jurisdictional error in defendant's appeal from the justice of the peace court to the district court.

The judgment entered by the trial court is reversed with directions to enter judgment for defendant.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.