**Jack PATTERSON, Appellee,**

v.

**Charles R. FOWLER, Sr., Appellant.**

**No. 44460.**

Court of Appeals of Oklahoma,
Division No. 2.

Nov. 7, 1972.

Rehearing Denied Dec. 8, 1972.

Kerry W. Caywood, Park, Nelson & Caywood, Chickasha, for appellee.

William L. Brodersen, Chickasha, for appellant.

NEPTUNE, Judge.

In May 1970 Jack Patterson (appellee) twice distrained livestock owned by his neighbor Charles Fowler (appellant). Patterson invoked provisions of the Herd Law, 4 O.S.1971 §§ 98, 135 and 136 to collect damages. Pursuant to statutory procedure, the sheriff assessed damages in the two instances totaling $131. Fowler appealed to the district court by filing the required bond and causing the original papers to be certified to the district court. Fowler also filed in the district court an answer, a demand for jury trial, and a counterclaim. The counterclaim was based on that part of the Herd Law dealing with fences. The trial court ordered Fowler to file a "petition in error" to challenge the sheriff's doings, and refused to grant Fowler's request for a jury and a trial de novo. When Fowler stood on his refusal to file a petition in error or to offer proof in opposition to the assessment of damages, the trial court dismissed Fowler's appeal. Fowler appeals.

Appellant's propositions of error are that the court erred (1) in holding that appellant had to appeal by "Petition in Error, on mixed questions of law and fact," (2) in refusing appellant's written demand for jury trial, and (3) in refusing to honor the affidavit of appellant relative to prejudice of the judge and judge's failure to disqualify.

As to the third proposition of error, the record fails to reflect any basis for reversal. The first and second propositions, however, do require reversal.

■ Prior to the abolition of the justices of the peace, the procedure in a distraint of livestock appeal was clearly established by statute, including specification of trial de novo in the appellate (district or county) court. Title 4 O.S.1961 §§ 135, 136 and 39 O.S.1961 § 241 and following. At that time it was the justice of the peace who assessed the damages under §§ 135 and 136. In contemplation of the abolition of justices of the peace effective January 13, 1969, the legislature amended §§ 135

and 136 of the Herd Law to provide that the tasks previously performed by the justices of the peace were to be performed by sheriffs. No new specific statute governing appeals from sheriffs' acts was provided except to the extent of the provisions of § 136 of the Herd Law as amended which follows the form of the former section and provides:

" . . . The person appealing shall file with the county sheriff a bond, in a penalty double the value of the property distrained, or if the value of the property exceed the amount of damage claimed, then in double the amount of damages, with good and sufficient sureties, to be approved by the county sheriff, and from and after the filing of the appeal bond, the same shall operate as a supersedeas. In case the owner of such stock be the appellant, the same shall be delivered to him. The county sheriff shall, after the appeal is taken, certify all the original papers in the case to the District Court."

The general procedure in the county or district court in cases appealed from the former justices of the peace was provided by 39 O.S.1961 § 243 stating in part:

" . . . the case shall be tried de novo in the appellate court upon the original papers on which the cause was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed."

The usefulness of the procedure specified has been demonstrated over the past sixty years in numerous cases involving the distraint of animals. In cases reviewed by the Supreme Court (see for example Bodovitz v. Kincheloe, 178 Okl. 442, 63 P.2d 100 (1936) and McCown v. Johnson, Okl., 387 P.2d 618 (1964)), the distrainer occupied the position of plaintiff with burden of proof, and the parties were entitled to a jury. This was the situation while justices of the peace existed. When they were abolished, the legislature (in the Herd Law amendments) substituted the

sheriff for the justice of the peace, but did not alter the procedure for taking an appeal to the district court, which required only making a bond and causing the original papers to be certified to the court. However, because the general statutes governing appeals from justice of the peace courts were also repealed, there remained no provision expressly prescribing that there should be a trial de novo within the appellate (district) court, once the sheriff had certified all the original papers to the court.

The briefs do not disclose that either party has considered the question of legislative intent. Neither do they touch upon the possible judicial review of the sheriff's order under the Administrative Procedure Act. Nor will we do so here. Despite the absence of a statute declaring that judicial review of the sheriff's doings shall be by "trial de novo" in the district court, we think the absence of such specific legislative direction for handling the matter in the district court does not warrant our approval of an unspecified procedure which is contrary to the customary usages of the bench and bar and which would unduly restrict the litigant's opportunities for justice. The bond and the original papers when filed in the district court provide ample basis for trial de novo though additional pleadings might be appropriate and be allowed. We think that the order of the trial court requiring appellant to proceed by "petition in error" was erroneous.

■ The second proposition complains of the trial court's denial of a jury trial. Even though the distraint of animals is a special proceeding to establish a lien, the procedure is primarily in the nature of a suit for debt on which issues of fact must be determined. Recognition of it as a "special proceeding" does not make it any the less "[an action] for the recovery of money" requiring a jury trial under provision of 12 O.S.1971 §' 556. The primary issue is the amount of damages. The extent of the detriment should be submitted to a jury. And the counterclaim by appel-

lant, being a claim also made pursuant to the Herd Law under which appellee asserts his right to damages, appears to us to be an issue properly includible in the same trial.

Reversed with directions to conduct a jury trial on both counts asserted by distrainer appellee and the counterclaim asserted by appellant, with appellee distrainer occupying the position as plaintiff in the trial court.

Reversed with directions.

BRIGHTMIRE, P. J., concurs.

BACON, J., concurs in result.