## HEJDUK v. SNYDER.

No. 8842—Opinion Filed July 1, 1919.

Rehearing Denied Sept. 30, 1919.

(Syllabus by the Court.)

1. **Animals—Assessment of Damage by Trespass—"Special Proceeding."**
The proceeding provided in sections 153 and 154, Rev. Laws 1910, regarding the restraining of stock for trespassing upon the lands of another, and permitting the justice

of the peace to assess the damages, is a "special proceeding" before a justice of the peace, as defined by section 4645, Rev. Laws of 1910, and is not a "cause of action," as defined in section 4644, Rev. Laws 1910.

2. **Justices of the Peace—Appeals—Statute —$20 Limitation—Special Proceedings.**
Chapter 135, Session Laws of 1913, which limits appeals from justices of the peace in causes of action involving less than $20, has no application to special proceedings before the justice of the peace, when said proceedings are instituted in conformity with sections 153 and 154 of the Revised Laws of 1910.

3. **Fences — Adjoining Landowners — Line Fences.**
Under and by virtue of section 6645, Rev. Laws of 1910, adjoining landowners are mutually bound to maintain line fences between them, where the lands of both are inclosed.

4. **Action—Damages From One's Own Wrong.**
It is a well-settled rule of law that a person cannot maintain a claim for damages based upon his own wrong, or caused by his own neglect.

Error from County Court, Noble County; A. Duff Tillery, Judge.

Proceedings by Vaclov Hejduk against Fred Snyder. From the judgment on a verdict for defendant in a trial de novo in the county court, on appeal from a judgment of a justice of the peace, plaintiff brings error. Affirmed.

H. A. Johnson, for plaintiff in error.

Johnston, Robinson & Rice, for defendant in error.

McNEILL, J. This controversy arose by the plaintiff in error restraining certain stock of the defendant in error that was trespassing upon plaintiff's premises, and proceeding in accordance with sections 153 and 154, Rev. Laws of 1910, to have the justice of the peace assess the damages. The damages as assessed by the justice of the peace were less than $20. The defendant appealed from the assessment of damages made by the justice of the peace, as provided in section 154, to the county court of Noble county. In the county court, the plaintiff in error moved to dismiss the appeal, for the reason the amount in controversy was less than $20, which motion was overruled, to which ruling the plaintiff in error excepted. The case was tried de novo, and upon a verdict of a jury, a judgment was rendered in favor of the defendant in error. From said judgment, plaintiff in error appealed to this court. The parties will be referred to, Hejduk as the plaintiff, and Snyder as the defendant,

being the position they occupied in the county court, and the same position they occupy in this court.

The plaintiff argues but two questions on appeal: First, the justice of the peace having assessed the damages at less than $20, the plaintiff argues that no appeal would lie from said assessment of damages by virtue of chapter 135, page 292, Session Laws of 1913, and the county court acquired no jurisdiction in said cause.

In this state remedies are divided into two classes: First, actions; second, special proceedings. Section 4644, Rev. Laws of 1910, defines actions. Section 4645 defines special proceedings. The procedure for instituting actions in justice courts is provided in sections 5359 to 5363, Rev. Laws of 1910. This controversy in the justice court was not controlled by any of said provisions of the statute, but the controversy before the justice of the peace was a special proceeding, and controlled by the procedure outlined in sections 153 and 154, Rev. Laws of 1910, for the restraining of stock. The procedure adopted for assessing damages by a justice of the peace under sections 153 and 154, supra, is not a cause of action, as defined by section 4644, Rev. Laws of 1910, but is a special proceeding, as defined by section 4645, Rev. Laws of 1910. Section 5474 of Rev. Laws of 1910, as amended, in limiting appeals, the second subdivision is:

"Second, concerning causes of action involving less than $20.00."

This court recognized the distinction between this class of proceedings and an action at law, in the case of Ellis, Sheriff, et al. v. Smith, 25 Okla. 234, 105 Pac. 653. Chief Justice Kane, in delivering the opinion, said:

"Where a party elects to recover damages alleged to have been incurred by a violation of the foregoing provision, by action at law, he waives any lien that might have attached to the stock doing the injury."

In this class of proceedings, the justice of the peace does not render a judgment against the person whose stock is restrained, but only assesses the damage and files the same with the county clerk. This is a lien on the stock, and not a personal judgment. The justice of the peace may order the property sold to satisfy said lien, but when proceeding under sections 153 and 154, supra, he could not issue an execution and levy upon other property for the damages; nor, if the property was sold and failed to bring sufficient amount to pay the damages, could he issue execution for the balance. In so far as the proceeding before the justice of the peace is concerned, it was a special proceeding, and the law limiting the right of appeal in causes of action in justice courts has no application to the case at bar, as it was not a cause of action; and as the statute limiting appeals applies only in causes of action, therefore the trial judge did not commit error in overruling the motion to dismiss the appeal from the county court.

The next question argued by plaintiff in error is that the court erred in admitting testimony which put in issue the line fence between the farms of the plaintiff and defendant, and he excepts to the instructions given by the court upon this question. The facts, as appears from the record, were that these parties were residing on adjoining farms, and a line fence had been maintained between the two farms for years. One of the parties had been maintaining the north half of the fence and the other the south half. The plaintiff in error moved the portion of the fence that had been maintained by him from the line, and placed it back upon his land several feet from the line. This left a small gap or opening of from four to six feet between the fences, and the stock of the defendant passed through said gap on the land of the plaintiff, and was then restrained by the plaintiff. The plaintiff did not notify the defendant that he was removing his portion of said line fence from the line between the two farms back on his own farm, and was leaving a gap, so that the fence thereafter did not connect. It is the contention of plaintiff in error that there was no duty upon the plaintiff in error to maintain said line fence, but he simply relies upon the fact that all animals should be restrained from running at large, and, if the cattle of the defendant were upon the land of the plaintiff, this created a liability no matter how they came there.

As a general proposition, this perhaps is true; but section 6645, Rev. Laws 1910, provides:

"Coterminous owners are mutually bound equally to maintain: * * * The fences between them, unless one of them chooses to let his land lie open as a public common, in which case, if he afterwards incloses it, he must refund to the other a just proportion of the value, at that time, of any division fence made by the latter."

This statute makes it the duty of coterminous owners to maintain the fence between them, and it was therefore the duty of the court to instruct the jury regarding the line fence. While it might not have required a notice in writing before removing the line fence, yet it was admitted that no

notice at all was given, so, as to the instruction of the court as to whether the notice should be in writing or not, it would be immaterial.

It was the duty of both parties to maintain this line fence, and if the plaintiff in error was bound to assist in maintaining such line fence, by tearing down the portion of the fence he was to maintain or had been maintaining by agreement or otherwise, and leaving the same open, and permitting the defendant's cattle to pass through the opening on his own place, he would be violating a statutory duty, and would not be entitled to recover. The rule of law is well established that no one can recover damages caused by his own negligence, or his own wrong; so in the case at bar, if the defendant's cattle were upon the plaintiff's premises by reason of the plaintiff's neglect in tearing down the fence he was in duty bound to help maintain, and he removed the same without any notice to the adjacent landowner, he could not set up his own wrong as a basis for recovery.

There being no material error in the record, the judgment of the trial court is therefore affirmed.

SHARP, HARRISON, PITCHFORD, and HIGGINS, JJ., concur.