**COKER et al. v. CRUMP, Dist. Judge.**

No. 20130. Opinion Filed March 18, 1930.

C. E. B. Cutler, G. L. Grant, Lydick, Mc-Pherren & Jordan, and Irvin L. Wilson, for petitioners.

Chas. L. Orr, R. J. Roberts, L. G. Owen, and William C. Liedtke, for respondent.

ANDREWS, J. This is an original proceeding in this court for a writ of mandamus to require the Honorable George C. Crump, district judge of the Ninth judicial district of Oklahoma, to certify his disqualification as trial judge in cause No. 7141 in the district court of Seminole county, Okla., entitled A. A. Vierson et al., Plaintiffs, v. David Coker et al., Defendants.

Petitioners allege that in that action in the district court of Seminole county land belonging to the defendants therein was wrongfully and unlawfully taken by means of the proceedings in that court, and that the respondent herein, as district judge, presided as such over that court during the course of those proceedings. It is further alleged that the judgment and orders therein were obtained by fraud, in that the attorneys who appeared for the defendants therein had no authority to appear for them and that the respondent knew from the records in that cause that said attorneys had no right to appear for those defendants.

There are other allegations tending to show that respondent is disqualified to hear the petition which has been filed in that court by the defendants therein to vacate the judgment and orders therein made. It is further alleged and admitted that the respondent has refused to certify his disqualification.

We do not consider it necessary to set out in detail the many allegations tending to show the disqualification of respondent. Those allegations are denied by respondent. This court declines to determine the truthfulness of the allegations. A determination of the truthfulness thereof is not necessary to a decision of the issue in this case, which is whether or not respondent should be permitted to sit in judgment at the hearing of the allegations of the petition to vacate the judgment and orders made by him when it is charged that he knew at the time he made the orders and rendered the judgment that the attorneys for the defendants in that action were without authority to represent those defendants.

At that hearing it will be necessary for the trial court to determine, among other things, whether or not the attorneys for the defendants in that action were authorized to appear for the defendants therein. If they were not so authorized and the respondent knew at the time he rendered the judgment and made the orders that they were not so authorized, it would probably be difficult to convince him that he should find that those attorneys appeared without authority.

In the language of the territorial Supreme Court in the case of Lincoln v. Territory, 8 Okla. 546, 58 Pac. 730, this would practically make him a judge of his own case.

The respondent insists that he is not unfriendly to the petitioners and that he is fair, unbiased, and disinterested in the pending issue. We do not doubt his sincerity, but the question is not whether he feels that he is unbiased, impartial, and disinterested. This court, in London v. Odgen, Dist. Judge, 130 Okla. 89, 265 Pac. 139, said:

"The basic principle on which the law rests is that every litigant is entitled to have his rights determined by an impartial and disinterested tribunal."

In the language used in that case, "* * * we conclude that it is extremely doubtful, to say the least, as to whether the respondent could accord the petitioner that fair and impartial trial guaranteed by the Constitution and to which he is justly entitled, and from all the surrounding facts and circumstances the respondent, in our opinion, should certify his disqualification."

We realize the position in which a district judge is placed when he is charged in an instrument filed in his court with improper conduct, and that the dignity of his position demands that such charges shall not go unchallenged. We feel, however, that the truthfulness of such allegations should not be tried in this court in a mandamus proceeding where the nature of the charges is such that from all the surrounding facts and circumstances it is doubtful as to whether such a judge could preside over the hearing in that fair and impartial manner guaranteed by the Constitution.

It is, therefore, ordered that a peremptory writ of mandamus forthwith issue to the said George C. Crump requiring him to certify at once his disqualification in cause No. 7141 in the district court of Seminole county, Okla., entitled A. A. Vierson et al., Plaintiffs, v. David Coker et al., Defendants, and the clerk of this court is hereby directed to issue said writ.

MASON, C. J., and HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and RILEY, J., absent. CLARK, J., not participating.