## FOREMAN v. CHICAGO, ROCK ISLAND & PACIFIC RY. CO. et al.

No. 27195.   Oct. 19, 1937.

James M. Hays and James M. Hays, Jr., for plaintiff in error.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for defendant in error Chicago, R. I. & P. Ry. Company.

Wells, Greer & Wells, for defendant in error Pure Oil Company.

PER CURIAM. This is an appeal from the district court of Seminole county. The parties occupy the same positions before this court as they did in the trial court and will be referred to as plaintiff and defendants. The action was instituted by the plaintiff to recover damages for personal injuries which she had sustained as a result of a head-on collision between two automobiles. Plaintiff alleged that the negligence of defendants in the construction and maintenance of a spur track railway crossing on a highway was the proximate cause of the collision and her resulting injuries. The defendants denied liability generally and specifically and averred that any injuries of the plaintiff were the result of her own negligence. Trial was had to a jury. At the close of plaintiff's evidence demurrers thereto were sustained, and the cause was withdrawn from the jury and judgment rendered in favor of the defendants. Plaintiff appeals from the judgment thus rendered and the order overruling her motion for new trial. The assignments presented are: First, error in sustaining defendants' demurrers to the plaintiff's evidence; second, error in the admission and exclusion of evidence.

As pointed out in Lakey, Adm'x, v. North McAlester Coal Co., 98 Okla. 130, 224 P. 309:

"In the trial of a personal injury case there are three elements necessary to be shown by the claimant by his evidence before a recovery may be had: (1) The existence of a duty on the part of defendant to protect plaintiff from injury; (2) failure of the defendant to perform that duty: (3) injury to plaintiff resulting from such failure; and where the plaintiff wholly fails in his evidence to show any one or more of such necessary elements, it is not error for the trial court to sustain a demurrer to plaintiff's evidence, or direct a verdict for the defendant.

"In the trial of a personal injury case, proof of injury is not enough, the plaintiff must go further and offer proof of some fact or circumstance from which it might reasonably be inferred that the defendant was in some way to blame for the injury."

The plaintiff does not attempt to point out wherein her evidence was sufficient to meet the requirements above set forth, but contends that the defendants were under a statutory obligation to properly construct and maintain the crossing in question, and that any violation of such duty resulted in liability irrespective of any acts of negligence. In support of this contention plaintiff cites sections 11918, 11963, O. S. 1931, and the case of Atchison, T. & S. F. Ry. Co. v. Wooley, 78 Okla. 109, 189 P. 180, and a number of cases from other jurisdictions.

The duty imposed by and the liability arising under the sections of the statute cited and the controlling authorities are discussed and reviewed in Atchison, T. & S. F. Ry. Co. v. Wooley, supra, and therein this court said:

"Section 1432, Rev. Laws 1910, wherein it provides that a railroad company in constructing its road across a public highway or street shall maintain the same 'unobstructed' in a good condition for the use of the public, when construed in connection with section 1382 and section 1387, Rev. Laws 1910, means that such railroad must restore said highway, or street, to its former state, or to such a condition as not to materially impair its usefulness as a highway, and so maintain the same. Held, further, that the construction of a railroad track or switch across a public highway or street is not an obstruction within the meaning of section 1432, Rev. Laws 1910.

"Under and by virtue of section 1387 and section 1432, Rev. Laws 1910, it is the duty of the railroad company to restore and keep in repair a highway crossing, and where it negligently fails to perform that duty, it will be liable for damages for injuries occurring upon said crossing by reason of said negligence."

It will be noted from what has been said above that there must be shown some act of commission or omission which imposes liability, and that the burden of proof rests upon the party having the affirmative. The other cases cited by the plaintiff, in so far as they are applicable to the situation here presented, merely restate the rule that the jury is the arbiter of the fact whether a breach of duty has occurred or not upon all of the evidence. This, of course, presupposes that there is some evidence upon the question. The difficulty with plaintiff's case is that she omitted to introduce any evidence concerning the construction of the

crossing, and that all of her evidence with reference to the maintenance thereof failed to show any unsafe condition existing either immediately prior to or subsequent to the accident here involved. The evidence of the plaintiff viewed in its most favorable aspect merely shows that the crossing was rough and uneven. One of her witnesses testified that the crossing was in a reasonably safe condition. The plaintiff's evidence was confined chiefly to proof of the collision between the automobiles and her resulting injury. Plaintiff's evidence shows that she was riding in an automobile with a party by the name of Jack Smith; that it was misting rain and that when the driver of the car drove onto the crossing, the car skidded into the path of an oncoming automobile and the damage resulted. Neither of the drivers of the cars was shown to have been injured, and they were not called upon to testify regarding the manner in which the accident occurred, or to give any explanation thereof. The evidence wholly failed to show what caused the automobile to skid, whether the moist surface or improper application of the brakes or some defect in the crossing. Under these circumstances, had the matter been submitted to the jury, in order for them to have found for the plaintiff they would have been compelled to indulge in surmise, conjecture, or speculation, and to assume that because the accident had occurred the defendants had violated their statutory duty to properly construct and maintain the crossing. This is not permissible. Violation of a statute is not to be lightly presumed, but must be proved by competent and substantial evidence in order to hold a person responsible for such violation. As said in St. Louis & S. F. Ry. Co. v. Smith, 41 Okla. 314, 137 P. 357:

"In the absence of any evidence tending to prove negligence, or where from the evidence negligence may not be reasonably inferred, it is the plain duty of the court to direct a verdict in favor of the defendant."

The plaintiff failed to establish the essential allegations of her petition charging the defendants with violation of their statutory duties, and under these circumstances the court committed no error in sustaining the demurrers to the plaintiff's evidence.

The remaining contention of plaintiff is based upon the action of the court in excluding proffered evidence of subsequent repairs which were made on the crossing, and of other accidents which occurred there prior and subsequent to the accident in which the plaintiff was injured. The plaintiff states that her evidence of subsequent repairs was competent for the purpose of showing primary negligence on the part of the defendants. The rule is well established that such evidence is inadmissible for this purpose. As said in Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okla. 454, 138 P. 790:

"Evidence of alterations or repairs subsequent to an accident or injury is not admissible for the purpose of showing negligence in the original construction, or to show a confession of negligence."

The evidence offered by the plaintiff to prove the occurrence of other accidents at the crossing was too general in its nature. The question propounded to the witness being, "Have you heard or seen any other accident on that crossing?" It will be noted that the time, condition, and the nature of the accidents concerning which the witness was called upon to testify were indefinite and uncertain. Had plaintiff shown that while the crossing was in the same condition accidents had occurred at the same place, the evidence would have been admissible. Such is the extent of the holdings in the cases cited by the plaintiff. The general rule in such situations is stated in 45 C. J. at page 1245, as follows:

"The admissibility of evidence of the existence of similar defects or the occurrence of other accidents or injuries of a similar nature or similarly caused depends upon the purpose for which the evidence is offered and upon whether the nature of the negligence which is claimed to have caused the accident or injury in question is such that proof of other accidents or defects will tend to throw light upon the issue.

"To be admissible at all, however, such evidence must relate to accidents or injuries occurring or defects existing at substantially the same place and under substantially the same conditions as those involved in the action, and caused by the same or a similar defect or danger or by the acts of the same person; and although the several occurrences or occasions need not be exactly similar in their details, evidence of accidents or injuries occurring or defects existing at a remote time or at a different place or under different circumstances or conditions is not admissible. Where evidence of the occurrence of other accidents or the existence of other defects is admitted, it may be shown that the circumstances thereof were different from those of the occasion in question."

Under the record before us no error is presented.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. HURST, J., dissents. RILEY and WELCH, JJ., absent.