## STEVENS v. COLBY.

No. 27924. March 8, 1938.

Glasco & Wilson and Roy Glasco, for plaintiff in error.

L. T. Cook, George Bingaman, Ben F. Williams, Homer Cowan, and T. R. Benedum, for defendant in error.

CORN, J. This is an appeal from an order overruling demurrer to the plaintiff's petition and from the judgment rendered on said petition by the district court of McClain county, in an action wherein the plaintiff, Lula O. Colby, sought a writ of prohibition against the defendant, R. G. Stevens, restraining him from acting as county judge pro tempore in cause No. 1260, in the county court of said county, in which court there was pending in said cause an application to have the said Lula O. Colby adjudged incompetent and a guardian appointed for her estate, the county judge of said county having certified his disqualification to act as judge in said cause. The trial court overruled the demurrer to plaintiff's petition, and the defendant elected to stand on his demurrer and declined to plead further and the court rendered judgment on the petition, from which defendant appeals. The parties will be referred to herein as they appeared in the trial court.

The plaintiff alleged in her petition, in substance, that opposing counsel procured the purported election of the said defendant, R. G. Stevens, as county judge pro tempore for the trial of said cause by secret, clandestine, and unlawful means, and without notice to plaintiff or her counsel, and without any attempt between counsel for the respective parties to agree upon some member of the bar to act as judge pro tempore in said cause, as is contemplated by the statutes, and that said selection of the defendant as such judge pro tempore was a nullity and conferred no power upon him to act in that capacity. The petition goes on at length and in detail showing alleged irregularities in the procedure followed in making the selection, and alleges as a further disqualification that the defendant was under obligation to counsel who procured his selection, and was

214

biased and prejudiced against the plaintiff. The prayer of the petition is for judgment ousting and excluding the defendant from the office, and for a writ of prohibition against the defendant prohibiting him from assuming and exercising the powers of judge, and for an order enjoining him from acting in said capacity.

The plaintiff attempts to invoke all the remedies afforded by quo warranto, prohibition, and injunction, and the briefs of the parties contain considerable discussion as to the remedy applicable, but we deem it unnecessary to discuss all the questions raised in order to make a proper disposition of the case. The object of the proceeding is to prevent the defendant from acting as county judge pro tempore or special judge of the county court of said county in this particular case, because of the alleged bias and prejudice against her, and because of partiality toward the other party. The allegations of the plaintiff's petition are sufficiently broad and comprehensive to permit the court to pass upon the defendant's qualification to act as special judge in the case without consideration of the various other questions presented. The petition states a good cause of action in this respect and the demurrer admits all the material facts stated therein.

As stated by this court in the case of Coker v. Crump, Dist. Judge, 142 Okla. 150, 286 P. 321:

"Section 6, art. 2, of the Constitution of Oklahoma requires that right and justice shall be administered without sale, denial, delay, or prejudice, and in order that this salutary safeguard may be maintained and be given full force, it is necessary that judges presiding over the courts should be unbiased, impartial, and disinterested in the result of the litigation, and it is of utmost importance that all doubt or suspicion to the contrary be jealously guarded against, to the end that every litigant may have that fair and impartial trial to which he is entitled."

Where a pleading states any facts upon which a pleader is entitled to any relief under the law, a general demurrer to the same should be overruled. Schreiner v. City Nat. Bank of McAlester, 76 Okla. 76, 183 P. 905; Jackson v. Levy, 75 Okla. 256, 183 P. 505; Tucker v. Leonard, 76 Okla. 16, 183 P. 907.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.