## CITY OF HOLDENVILLE v. DEER.

No. 28708.   May 31, 1939.

Rehearing Denied June 20, 1939.

Hugh A. White, for plaintiff in error.

Anglin & Stevenson and O. S. Huser, for defendant in error.

PER CURIAM. This is an appeal from a judgment entered on a verdict of a jury which awarded defendant in error, hereafter referred to as plaintiff, the sum of $500 as damages on account of detriment sustained as the result of negligent operation of a sewage disposal plant and the consequent pollution of a stream by the plaintiff in error, hereafter referred to as defendant.

The sole issue here presented for determination is the sufficiency of the evidence to establish any negligence on the part of the defendant in the operation of its disposal plant. The plaintiff in her petition charged that the defendant was guilty of negligence in one or all of five enumerated particulars. One of the charges so made was that the defendant had failed to maintain the aerating equipment of its plant in condition to perform the work which it was designed to do and that thereby had caused the stream, into which the effluent from which said plant was discharged, to become polluted and to thus injure the plaintiff in the enjoyment of her property. The evidence adduced at the trial tended to establish the charge thus made.

The defendant concedes that the evidence with respect to the degree of pollution of the stream and the damage which had resulted therefrom was in conflict. Such being the case, it cannot be said that the jury could not logically infer that the failure of the defendant in the respect shown was the proximate cause of the pollution of the stream and the damage which resulted to the plaintiff therefrom. The cases of Foreman v. Chicago, R. I. & P. Ry. Co., 181 Okla. 259, 74 P.2d 350; Japek v. Public Service Co. of Okla., 183 Okla. 32, 79 P.2d 813; Lowden v. Van Meter, 181 Okla. 210, 73 P.2d 424; Chicago, R. I. & P. Ry. Co. v. Smith, Adm'x, 160 Okla. 287, 16 P.2d 226; City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, cited and relied upon by the defendant and which enunciate the rule that a showing of injury without proof of negligence is insufficient to establish liability, are manifestly without application to a situation such as is here presented. Since, as pointed out above, there was some evidence of negligence on the part of the defendant from which it might be reasonably inferred that the subsequent injury to the plaintiff had resulted, the applicable rule is that stated in Madden v. Tilly, 175 Okla. 589, 54 P.2d 161, as follows:

"It is a well-settled rule in this state that the Supreme Court will not, on appeal, in a law action, disturb a judgment of the trial court rendered on the verdict of a jury if there is any evidence whatever reasonably tending to prove, either directly and immediately, or by permissible inference, the essential facts necessary to sustain the verdict."

The record before us presents no error of a prejudicial nature, and therefore the judgment should not be disturbed.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, and DANNER, JJ., concur.