## S. H. KRESS & CO. v. MADDOX.

No. 33245.   March 8, 1949.

*203 P. 2d 706.*

Earl Pruet, of Oklahoma City (Richardson, Shartel, Cochran & Pruet of Oklahoma City, of counsel), for plaintiff in error.

Shilling & Shilling and Ernest W. Tate, all of Ardmore, for defendant in error.

GIBSON, J.   This action was brought by Jennie Maddox, as plaintiff, against S. H. Kress & Company, a corporation, owner and operator of merchandise store in the city of Ardmore, Okla-

homa, and M. Q. Davis, its manager, to recover damages for personal injuries sustained as the result of a fall upon the floor of defendant's store while shopping there. Trial was had to a jury which returned a verdict for plaintiff against the defendant corporation. The defendant corporation appeals.

For reversal defendant presents five propositions, as follows: that the trial court erred (1) in the admission of testimony; (2) in his instruction on contributory negligence; (3) in overruling defendant's demurrer to the evidence and refusing to instruct the jury to return a verdict in favor of defendant; (4) in refusing to instruct the jury to return a verdict in favor of defendant since the jury returned a verdict in favor of codefendant M. Q. Davis; and (5) in refusing to give defendant a mistrial because of the alleged misconduct of juror Ben G. Hunter.

In support of the first proposition it is contended that the admission of the testimony of witnesses Mr. and Mrs. Henry is error. They testified that they were shoppers in the store during the latter part of August; that the floor was heavily oiled, in fact, covered with oil, and there were puddles of oil on the floor; that a negro boy was spreading the oil out with a kind of apparatus; that on the same day and not more than an hour after they were in the store they heard that some one had fallen therein and that the newspaper, Ardmoreite, of that evening or the following evening, disclosed that Mrs. Maddox was the one who fell.

It is urged that this evidence is too remote in point of time and that it concerns a character of condition which is not within the rule that permits evidence of a condition within such time as will fairly tend to show the condition existing at the time of the accident. The court's attention is called to English v. Thomas, 48 Okla. 247, 149 P. 906, and other cases stating the rule, and emphasis is placed upon the fact that conditions there in contemplation were represented by a break in a step, rail or something of a permanent nature which would continue and therefore different from the condition of the floor herein which was temporary in its nature. The distinction sought to be made goes more to the weight of the evidence than its admissibility where it is pertinent to the issue because the governing principle is the same. In Great Western Coal & Coke Co. v. Cunningham, 43 Okla. 417, 143 P. 26, one of the cases cited and relied on, the court said:

"The limitation on the admission of such evidence is that it must be such, in character and point of time, as to justify the inference that the place was in a bad condition at the time of the accident."

And in the syllabus we held:

"Evidence of the condition of the place where the injury occurred, a reasonable time before the occurrence, is admissible as tending to show its condition at the time of the occurrence, especially where it is further shown that those conditions have not since changed."

By reason of its nature the condition testified to was admissible as tending to show the condition existing at the time of the fall and the weight thereof was a question for the jury to be considered along with the other evidence pertinent thereto.

Under the second proposition it is contended that the court erred in his instruction on contributory negligence and in refusing to give defendant's requested instruction on assumption of risk. Defendant pleaded contributory negligence but did not plead assumption of risk. It is urged that plaintiff's evidence was sufficient to raise both issues independently of such pleas.

The instruction of the court on contributory negligence is complained of because therein the court declared the burden of proof was upon defendant without advising the jury that the evidence of the plaintiff might be con-

sidered in arriving at its conclusion upon such issue. No requested instruction on such issue was submitted by the defendant nor was the court's attention directed to the incompleteness of the instruction in the respect urged. In such situation the defendant is not in position to charge error in the omission. In G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599, in the third paragraph of the syllabus, there is declared:

"An instruction on the issue of contributory negligence, in the absence of proper and timely request of counsel, is not erroneous merely because the court failed on its own motion to advise the jury that the evidence of the plaintiff might be considered in arriving at its conclusion on the issue."

Defendant recognizes, on authority of Cities Service Oil Co. v. Jamison, 189 Okla. 445, 117 P. 2d 776, that, not having pleaded assumption of risk, it is not entitled to an instruction thereon unless such issue is raised by the evidence. In this connection it is urged that the evidence shows that plaintiff had been in the store many times; the store was well lighted and the condition of the floor easily ascertainable with the exercise of ordinary care; that there is no testimony that plaintiff ever looked to see the condition of the floor; and that it appears that at the time of the fall the plaintiff was carrying with her right hand a cloth bag with articles of merchandise therein, and with her left hand a purse and parasol. And concerning the effect it is said:

"Such evidence alone, in our opinion, is sufficient to raise the question of contributory negligence and assumption of risk."

Knowledge and appreciation of the danger is an essential of the defense of assumption of risk and, hence, the doctrine does not apply unless the one alleged to have assumed the risk can be found to have known or to have been charged with knowledge of the danger. 38 Am. Jur. p. 847, sec. 173.

In substance, the argument is based upon the alleged duty of the plaintiff to observe the condition of the floor. In absence of something that could be held to have challenged her attention to the condition of the floor, of which there is no evidence, no such duty obtained. The plaintiff was an invitee upon the premises of the defendant. The defendant owed to her the duty to maintain the premises in a reasonably safe condition. The plaintiff, in absence of knowledge to the contrary, had the right to assume that the floor was suitable and safe for her to walk upon. S. S. Kresge Co. v. Holland, 158 Fed. 2d 495; Holmes v. Ginter Restaurant Co., 54 Fed. 2d 876. The evidence relied on does not raise the issue of assumption of risk, and therefore it was not error to refuse the instruction requested.

Defendant's third proposition is that the court erred in overruling defendant's demurrer to plaintiff's evidence and in refusing to instruct the jury to return a verdict for defendant. In view of our holding that there was competent evidence on the issue of negligence, which presented an issue for the jury, it follows that the proposition is without merit.

When the jury returned its verdict which was against the defendant but in favor of codefendant M. Q. Davis, defendant moved the court to instruct a verdict for defendant, and the refusal of the court to so do is urged as error on authority of Chicago, R. I. & P. Ry. Co. v. Brooks et al., 57 Okla. 163, 156 P. 362, wherein it was held:

"Where a railroad company is joined as a codefendant, on the theory of *respondeat superior*, with one of its employees in an action to recover damages for the death of one whose death is alleged to have been caused by a wrongful act of such employee a verdict rendered on the trial of the case in favor of the employee and against the plaintiff on the issue of the alleged wrongful act of the employee is equivalent to a finding in favor of the railroad on that issue, and a verdict against the

railroad on that issue will not be permitted to stand."

In the instant case the liability of the defendant corporation is not necessarily dependent upon the negligence of defendant Davis. It appears that other employees of the defendant corporation who are not parties to the action performed the alleged negligent acts. In such situation the case comes within the rule announced in Chicago, R. I. & P. Ry. Co. v. Pedigo, Adm'r, 123 Okla. 213, 252 P. 1095, as follows:

"A verdict for an employee of the railroad company who is joined with the latter in an action for tort does not relieve the master from liability as vice principal, where the evidence is such that the jury may have concluded that the negligence of another employee, who was not joined in the action, was the proximate cause of the injury."

As its last contention the defendant submits as error the refusal of the trial court to grant a mistrial by reason of the misconduct of Ben G. Hunter, a juror. During the trial Hunter interrogated a witness for defendant as follows:

"Q. When was the last time you applied any of that floor dressing? A. This past Saturday night. Q. It has got a kinda oily appearance like this other stuff you use as a floor sweep? A. No, sir. Q. That smell there today is from that fluid put on there last Saturday night? A. I guess so, sir, I don't know of anything else it could be."

Defendant states that there can be no question but that the juror had been in the store during the course of the trial; had observed the floor and the condition of the floor; that he had not been directed to do so by the trial court; that he was not accompanied by the other jurors; that he obtained information which he considered favorable to the plaintiff and unfavorable to the defendant; that he cross-examined defendant's witness in regard to these facts; and assumed the position of an advocate on behalf of plaintiff and against the defendant.

The entire argument of the defendant is based upon the presumption, for there is no proof, that the juror made an unauthorized inspection of the premises. The jury was selected on the day the trial was begun and concluded. There is no evidence that the juror, after being called as such to try the case, had an opportunity to visit the premises or was ever separated from the remainder of the jury. Under the circumstances, it is as reasonable to suppose that this line of questioning by the juror was the result of a visit to the store before reporting for jury duty and being accepted as a juror in this case as it is to conclude that the juror had made an unauthorized inspection of the scene of the accident. The refusal to declare a mistrial was not error.

Affirmed.