OKLAHOMA NATURAL GAS CO. v. GRAY.

No. 34061.    April 10, 1951.

*230 P. 2d 256.*

Kulp, Pinson, Lupardus & Kothe, Tulsa, for plaintiff in error.

Suits & Weiss, Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action against defendant, a public utility, to recover damages for physical suffering, loss of income and exemplary damages allegedly sustained by reason of defendant's wrongful, willful and negligent conduct in shutting off the gas service in plaintiff's home for several hours during a period of extremely cold

weather, although her account had been paid. It was alleged that because of such wrongful conduct plaintiff was exposed to the cold for several hours, and eventually was forced to go out into a blizzard in attempting to have gas service restored, and as a result contracted influenza and pneumonia.

Defendant answered by a general denial, except that it was admitted that through error and inadvertence plaintiff's gas had been cut off as alleged. Defendant specifically denied that its act was the proximate cause of plaintiff's illness.

The case was tried to a jury, which returned a verdict for plaintiff for $250 upon the first cause of action, and $100 upon the second cause of action. Judgment was rendered for plaintiff upon the jury's verdict.

The evidence in respect to plaintiff's gas having been cut off during a period of extreme cold was not controverted. On appeal the defendant admits the evidence showed that plaintiff suffered some respiratory disease, and that the exposure to which she was subjected could have had some part in her illness, that defendant was at fault, and plaintiff, therefore, was entitled to nominal damages. Upon such admissions defendant acknowledges the lack of necessity for consideration of the evidence, and bases this appeal upon the sole question as to whether respiratory disease suffered by one whose gas is cut off during severe cold weather may be said to be the proximate result of defendant's wrongful act.

Defendant relies upon Oklahoma Natural Gas Co. v. Younger (CCA 10th) 116 F. 2d 720, 132 A.L.R. 908, wherein the following rule was announced.

"Pneumonia contracted by one confined to her bed when the supply of gas, by which the house was heated, was cut off in cold weather for nonpayment of bills, is not a probable consequence of the act of the gas company in cutting off the supply."

Also cited and relied upon are other cases which defendant urges support the rule announced in the Younger case, supra. Following up such argument defendant says this court has never passed directly upon the question as to whether an illness, such as suffered by plaintiff herein, was the direct and proximate result of the company's act.

Among the decisions relied upon are: Ft. Smith Gas Co. v. Cloud (CCA-8th) 75 F. 2d 413, and Ft. Smith Gas Co. v. Blankenship, 193 Ark. 718, 102 S.W. 2d 75. Both of these cases support the rule of nonliability contended for by defendant herein. Study of these cases reveals a factual dissimilarity. In the Cloud case, supra, the evidence showed the plaintiff voluntarily had exposed himself, thereafter continued in his regular work, and did not seek medical attention for several days thereafter. The court pointed out that the proximate cause of plaintiff's illness was his own voluntary and unnecessary act in so exposing himself, rather than defendant's delay in furnishing fuel.

The Blankenship case, supra, denied liability on the part of the gas company in an action brought to recover damages for illness suffered by a small child, allegedly as a result of defendant's discontinuance of service after refusal to pay the bill. The court, after detailing such facts, pointed out the lack of positive medical testimony that the illness was induced by, or resulted from, defendant's acts.

However, more recently, a contrary result was reached in Arkansas-Louisiana Gas Co. v. Phillips (1938) 196 Ark. 278, 117 S.W. 2d 349. In this case a verdict for damages allegedly resulting from the gas company's wrongful act of shutting off the gas supply, thus depriving the plaintiff of hot water at a time when necessary for treatment of an injury, was sustained. That decision explicitly pointed out the presence of medical testimony establishing that proper treatment, requiring an

adequate supply of hot water, would have minimized the pain, and at least allowed opportunity for recovery. Also see Warfield Natural Gas Co. v. Clark's Adm'x., 257 Ky. 724, 79 S.W. 2d 21, 97 A.L.R. 971.

Defendant's argument that this court has not passed directly upon the question whether defendant's negligence can be the proximate cause of injury or illness in cases such as presented herein is not borne out by our prior decisions. The rule is settled that, where different conclusions may be drawn from the evidence, the existence of negligence and the question of proximate cause of an injury are questions to be determined by the trier of facts. In Oklahoma Natural Gas Co. v. Graham, 188 Okla. 521, 111 P. 2d 173, syllabus 2 announces the rule:

"Where expert testimony is required to prove the nature, cause, and extent of a disability alleged to have been sustained in consequence of a negligent act, the ultimate conclusion to be reached as well as the question of proximate cause is for the trier of the facts."

To this same effect see: Oklahoma Natural Gas Co. v. Pack, 186 Okla. 330, 97 P. 2d 768; Oklahoma Natural Gas Co. v. Courtney, 182 Okla. 582, 79 P. 2d 235.

In the present case the defendant's negligence is admitted. There was positive medical testimony that, immediately following her exposure, plaintiff developed pneumonia, and that such illness resulted from the exposure to which she had been subjected by reason of the gas service being shut off during a period of extreme cold weather. Under the above-quoted rule, the question as to the proximate cause of plaintiff's illness was properly left for the jury's determination.

Defendant further contends that under the rule laid down in Lawson v. Anderson & Kerr Drlg. Co., 184 Okla. 107, 84 P. 2d 1104, it is insufficient to introduce evidence of a state of facts

merely consistent with, or indicating a possibility of, the result of a certain act. Casual consideration of this decision reveals that such rule has no applicability to the present case. Herein the defendant's negligence is admitted, and there was competent and uncontradicted testimony that the plaintiff's illness resulted from such negligence.

Judgment affirmed.

ARNOLD, C.J., and GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.