ROMNEY v. DAVIS.

No. 35487.   Feb. 10, 1953.

*253 P. 2d 546.*

Allen & Allen, Tulsa, for plaintiff in error.

Rosenstein, Fist & Shidler, by Gordon L. Patten, Tulsa, for defendant in error.

CORN, J.   Plaintiff brought this action in the justice of the peace court to recover damages to personal property alleged to have resulted from defendant's negligence in failing to properly maintain his premises.

The bill of particulars alleged plaintiff's entry into defendant's store as a business invitee and defendant's duty to maintain his premises in a safe condition; that defendant maintained a gas heater which had no door, thus exposing the public to the open flame; while standing near the heater the exposed flame burned and damaged her coat. Plaintiff alleged the flame was not obvious to a reasonable person and that no warning notice was posted; that by failing to properly maintain the premises defendant was guilty of maintaining a nuisance, and as a result of such condition, nuisance and negligence on defendant's part, such negligence was the proximate cause of plaintiff's injury and damage.

Defendant answered by general and specific denial of plaintiff's allegations, and further alleged that any damage sustained by plaintiff resulted solely from her own carelessness and negligence in standing near the heater until her coat was scorched and damaged.

Trial in the justice of the peace court resulted in judgment for plaintiff for the amount claimed. Defendant appealed to the court of common pleas, where the matter was tried to the court without a jury, and judgment again was rendered for plaintiff.

Plaintiff's evidence was that she entered defendant's store to purchase groceries. It was a cold day and she walked to a heater, centrally located in the store, to warm herself. A little time elapsed when she smelled something burning and thereupon discovered that the right flap of her fur coat was scorched to such an extent as to require repair at a cost of $86.50. Plaintiff's evidence also was that the stove had no door, thus permitting the flames to extend outside the stove. There was further evidence that certain employees had burned their aprons while standing near the stove.

Defendant's evidence concerned the condition of the stove. and that plaintiff stood too near the stove while warming, although it was admitted that an employee had burned an apron. Defendant's evidence did not establish ex-

istence of the door upon the heater, or that there was any guard to protect people from the front of the stove.

Defendant relies upon three propositions to reverse the judgment. It is urged that the bill of particulars failed to state a cause of action and defendant's demurrer thereto should have been sustained. The rule is that when pleading states facts upon which the pleader is entitled to any relief, a general demurrer thereto should be overruled. Stevens v. Colby, 182 Okla. 213, 77 P. 2d 67.

This was an action to recover damages allegedly resulting from defendant's negligence in failing to maintain his premises in proper condition. The plaintiff alleged defendant's acts and omissions and that the same constituted negligence, which was the proximate cause of the injury and damage. Such pleading set out facts sufficient to provide grounds for granting plaintiff relief, when tested by the rule that the demurrer admitted the truth of all facts well pleaded and the inferences to be drawn therefrom, and was to be liberally construed in favor of the pleader. Kasner v. Ashburn, 200 Okla. 256, 192 P. 2d 649. Defendant's demurrer to the petition was properly overruled.

The second contention is that the plaintiff's evidence was wholly insufficient to support the trial court's judgment. It is asserted that plaintiff's evidence failed to show primary negligence on part of the defendant. And, further, it is urged that no liability for injury can be based upon dangers which are obvious, reasonably apparent, or as well known to the party injured as to the owner. See Hejduk v. Snyder, 76 Okla. 74, 183 P. 923; City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462; E. S. Billington Lumber Co. v. Cheatham, 181 Okla. 402, 74 P. 2d 120, and cases therein cited.

The principle upon which defendant's argument is based, as reflected in the cited cases, is stated in 65 C.J.S., Negligence, §50, as follows:

"* * * However, the doctrine of assumption of risk as applicable in the law of master and servant, discussed in Master and Servant, sec. 357, does not apply between inviter and invitee.

"The basis of the inviter's liability for injuries sustained by the invitee on the premises rests on the owner's superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the inviter, or which the inviter had no reason to believe would not be discovered by the invitee. * * *"

That such is a correct statement is unquestioned. However, it was pleaded, and the evidence tended to show, that the stove was in a defective condition and constituted a danger to invitees upon the premises; that defendant, through his agents and employees knew, or should have known of this condition; that it was not a danger that was apparent or obvious, nor was there evidence showing plaintiff could have observed such danger by use of ordinary care. In such cases the rule contended for by defendant has no application. In S. H. Kress & Co. v. Maddox, 201 Okla. 190, 203 P. 2d 706, we pointed out that knowledge and appreciation of the danger is an essential element of the doctrine of assumption of risk; that such doctrine does not apply unless the party alleged to have assumed such risk is found to have known of, or can be charged with, knowledge of the risk. Also, see 38 Am. Jur., Negligence, §173. Where the facts are such that the minds of reasonable men might differ, the existence of negligence and question of proximate cause are for the trier of the facts. See Oklahoma Natural Gas Co. v. Gray, 204 Okla. 362, 230 P. 2d 256. The trial court was correct in overruling defendant's demurrer to plaintiff's evidence.

The third contention is that the trial court erred in refusing to dismiss plaintiff's action upon defendant's motion, based upon the contention plaintiff was

not the real party in interest, having no interest in the judgment rendered in her favor.

At the trial defendant interrogated plaintiff concerning repair of the fur coat and payment for such repairs, and then asked plaintiff directly whether she had any interest in the judgment. The trial court sustained plaintiff's objection to such questioning, made upon the grounds this issue had not been raised by the pleadings. Defendant then made an offer of proof to the effect that, although suit had been brought in plaintiff's name, she had been reimbursed for the expense of the repairs and had no interest therein. Plaintiff's attorney then offered to prove plaintiff was the real party in interest, stating that she had a loan receipt from her insurance company. Both parties submit argument in behalf of their respective positions. Defendant insists plaintiff was not the real party in interest under the provisions of 12 O.S. 1951 §221, requiring that every action must be prosecuted in the name of the real party in interest. Plaintiff's argument is directed toward upholding the validity of the "loan receipt" from her insurer as being a legal arrangement whereby she received payment for the repairs to her coat as a "loan" only and not as a settlement of her claim for damages.

This issue was not raised by the pleadings. Upon defendant's offer the trial court sustained plaintiff's objection that the motion should have been made upon a motion directed at the pleadings and that such offer came too late. In view of the record, we are of the opinion the trial court ruled correctly upon plaintiff's objection to defendant's offer of proof and motion to dismiss. Although both parties attempt to present the issue here, it seems plain that this is such an issue as was not presented under the record and is not to be considered or determined upon appeal. Munger v. Elliott et al., 187 Okla. 19, 100 P. 2d 876.

Judgment affirmed.

HALLEY, C.J., and DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. JOHNSON, V.C.J., and WELCH, J., dissent.