**BILLY**
v.
**TEXAS, O. & E. R. CO.**
No. 35499.

Supreme Court of Oklahoma.

Oct. 6, 1953.

Rehearing Denied Nov. 10, 1953.

Application for Leave to File Second Petition for Rehearing Denied Nov. 24, 1953.

Geo. T. Arnett, Ed R. LeForce, Idabel, Geo. R. Childers, Antlers, for plaintiff in error.

Watson, Ess, Whittaker, Marshall & Enggas, Kansas City, Mo., Elbert Cook, DeQueen, Ark., Tom Finney, Idabel, for defendant in error.

O'NEAL, Justice.

In the trial below the court sustained defendant's demurrer to plaintiff's evidence and entered judgment in favor of the defendant. Plaintiff's motion for a new trial being overruled, she appeals, alleging error in this disposition of the case.

The parties will be referred to as they appeared in the trial court.

Plaintiff's cause of action is based on two grounds of negligence of the defendant: (1) Failure to keep its right-of-way adjacent to the railroad crossing clear of trees, brush, vines and saplings which obstructed the view of deceased and the driver of the car in which deceased was riding as a guest, and (2) Failure to sound a warning either by whistle or bell of the approach of defendant's train.

This action is brought by the widow of deceased for the alleged wrongful death of her husband and the father of their four children.

The petition states that defendant owns and operates a railroad running between the towns of Valliant and Broken Bow in Oklahoma, and thence eastward into the State of Arkansas; that approximately five miles east of Broken Bow, the railroad runs east and west as it crosses a gravel highway; that 100 feet north of the defendant's track at said intersection the gravel road is approximately 12 to 20 feet higher than the tracks; that along the defendant's right-of-way going west of where the gravel road crosses the tracks, the defendant has permitted weeds, timber, vines, underbrush and saplings to grow along said railroad right-of-way, so that a person travelling south on the gravel road could not see a train coming from the west as it proceeded to the east until the person in the automobile travelling south was in a place of danger near said railroad tracks, and where such

traveler could not prevent the danger of coming in contact with an eastbound train.

It is alleged that it was the duty of the defendant to keep its right-of-way clear from such growth of underbrush, etc., so that an occupant of an auto travelling south approaching said railroad track could see an approaching train, which duty defendant failed to perform; that on the 5th day of September, 1950, plaintiff's deceased was riding in an automobile owned and operated by another and as the automobile approached a hill some 100 feet north of the intersection of the gravel road and the railroad tracks, and as it proceeded down the incline plaintiff's deceased and the driver's view of the railroad right-of-way some 500 feet west was obscured by the growth of trees and underbrush along the right-of-way preventing their view of the approaching train. It was further alleged that at said time and place defendant failed and neglected to ring the bell or blow the whistle to warn deceased, or the driver of the automobile, of the approaching train; that these acts of negligence were the direct and proximate cause of the accident and the death of plaintiff's deceased.

The defendant answered in the form of a general denial and also pleaded contributory negligence of the plaintiff. In support of its plea of contributory negligence the defendant alleged that both the deceased and King, the driver of the automobile, were familiar with the condition of the road and the railroad right-of-way, and that at approximately 80 feet from said road crossing King observed the approaching train and applied the brakes to his automobile, but that due to the defective condition of the brakes, he was unable to stop the car and drove it against the diesel engine near the back end thereof; that said deceased and the driver of the car knew of the defective condition of the brakes on said car prior to and at the time of the accident.

Plaintiff submitted proof tending to establish the following facts: On the 5th day of September, 1950, Julius Billy, the deceased, was a guest passenger of Eron King who operated the car that ran into the rear end of defendant's diesel engine, haul-

ing a train at a point five miles east of Broken Bow, Oklahoma. The accident occurred on a clear day and the gravel road crossing the railroad tracks was dry. King was an experienced automobile driver and as he drove down the incline on the gravel road, and as he approached the tracks, he was proceeding at the rate of approximately 15 miles per hour. Travelling at that rate, King testified he could have stopped his Chevrolet car within 10 to 15 feet if it had been in good working condition. After the accident King taped the distance from the railroad track to a point up the hill where he first observed the approaching train and found it to be 82 feet and 7 inches. The brakes on King's car had been defective for some three weeks prior to the accident, during which period of time he continued to use the car, driving on one occasion from his home near Broken Bow to Ringold and Sobol, located in the mountain area.

The witness, Cole, living near the scene of the accident, testified he travelled over the intersection of the gravel road and the railroad track several times daily; that from the top of the hill on the dirt road north of said railroad track he could see a distance of 300 feet west down said track, and at a distance of 80 feet north of the crossing he had a view of 400 feet down the track. Cole, who witnessed the accident, stated that King's car hit the diesel engine near the back just as it was crossing the dirt road.

The County Surveyor of McCurtain County testified that from measurements made by him he found that from a point approximately 75 feet north of the railroad track and up the dirt road that he had a clear view of the track, for a distance of 300 feet, and that if a car approached within 25 feet of the track he had a clear view of approximately 400 feet down the track to the west.

The plaintiff here contends that the foregoing proof made a submissible case for the jury, and that the court erred as a matter of law in sustaining defendant's demurrer to plaintiff's evidence.

We are committed to the rule that a demurrer to the evidence admits every fact which the evidence, in the slightest degree, tends to prove, and all inferences and conclusions which can be reasonably and logically drawn therefrom; and if there is a conflict in the evidence, that which is unfavorable to the party against whom the demurrer is directed is to be considered withdrawn. Carpenter v. Snipes, 203 Okl. 534, 223 P.2d 761. Measuring the proof with the standard thus announced we conclude that the judgment of the trial court must be sustained.

Plaintiff's proof that defendant failed to ring the bell or blow the whistle as the train approached the crossing may be assumed by reason of the witness Cole's testimony, that as he drove a school bus over the tracks immediately prior to the accident, and as he proceeded north to the top of the hill, at which point he passed the King automobile, that he did not hear the bell or the whistle. However, the evidence is without dispute that the King automobile at that point was 375 feet from the railroad crossing and furthermore, King testified that when his automobile reached a point 82 feet and 7 inches from the crossing he saw the train coming from the west and that he could have stopped his car within 12 to 15 feet if the brakes had been working.

This proof conclusively discloses that the alleged negligence in failing to ring the bell or blow the whistle was not the proximate cause of the collision, but to the contrary conclusively shows the defective condition of the brakes on King's car was the resulting cause of the accident and death of plaintiff's intestate.

Furthermore, as we have noted, King testified that he saw the approaching train at a distance of 82 feet from the crossing but was unable to stop his car because of its defective brakes. Evidence of negligence does not prove proximate cause, and where there is an entire failure of proof to establish that the negligence was the proximate cause of the accident, then plaintiff has failed to make a submissible case for the jury.

In Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501, we said:

"In a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence.

"The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

We considered a comparable situation presented in the case of Oklahoma Power & Water Co. v. Howell, 201 Okl. 615, 207 P. 2d 937, 938. In that case plaintiff observed an obstruction upon the highway which prevented his progress and attempted to stop his car but was unable to do so because of a defective condition of the brakes. Plaintiff sought to recover on an allegation that defendant was negligent in not putting up a warning flag. In that case we held:

"Actionable negligence cannot be based upon a failure to put out warning flags when a highway is temporarily obstructed, as above stated, where, from the evidence, it appears that the agent of plaintiff in charge of his truck clearly perceived that the highway was obstructed in sufficient time to have stopped his truck, and thus have avoided a collision, but was unable to stop because of the breaking of an axle on his truck, which rendered the gears and brakes of the truck useless."

██ Plaintiff contends that under our decisions in Missouri, K. & T. Ry. Co. v. Perino, 118 Okl. 138, 247 P. 41, 47 A.L.R. 283; Kurn v. Manley, 194 Okl. 574, 153 P. 2d 623; Kurn v. Maxwell, 194 Okl. 336, 151 P.2d 386, and Oklahoma Natural Gas Company v. Gray, 204 Okl. 362, 230 P.2d 256, and other cited cases, that where there is any evidence showing or tending to show that the railroad company was negligent, the question of proximate cause is always a fact question for the jury. As we read these cases they hold that proximate cause is an essential element of actionable negligence and if same does not exist there can be no liability.

A critical examination of each of the cited cases also discloses that the plaintiff produced evidence establishing or tending to establish proximate cause.

Plaintiff further argues that the negligence of King, the driver of the automobile, could not be imputed to plaintiff's deceased who was an invitee in the King car at the time of the collision. That contention broadly stated may be assumed though it is subject to the qualification that the deceased was under a duty to exercise reasonable care for his own safety. The question of imputed negligence or contributory negligence did not become a submissible issue for the reason that plaintiff failed to establish that the alleged negligence was the primary cause of the accident; therefore, the contributory negligence of the driver of the car, or that of the deceased, did not become a question for decision.

The principle of law thus stated is supported by the following cases: Witt v. Houston, 207 Okl. 25, 246 P.2d 753; Chicago, R. I. & P. Ry. Co. v. Barton, 59 Okl. 109, 159 P. 250, 253.

In the latter case in the opinion, it is stated:

"If therefore contributory negligence can never exist except where the injury resulted from the primary negligence of the defendant as a concurring proximate cause, then it becomes the duty of the court to first ascertain if the facts, as disclosed by the evidence, constitute primary negligence; if the essential elements of such negligence are not established, the defense of contributory negligence does not exist and would not be a question of fact for the jury under section 6, [art. 23, of the Constitution of the State of Oklahoma]."

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., dissent.