**M & P STORES, Inc., a Corporation, Plaintiff in Error,**

v.

**Hazel TAYLOR, Defendant in Error.**

**No. 37651.**

Supreme Court of Oklahoma.

May 13, 1958.

Abernathy & Abernathy, Kenneth Abernathy, Charles C. Baker, Shawnee, for plaintiff in error.

Buck Cartwright, Wewoka, Bishops & Samples, Seminole, for defendant in error.

CORN, Vice Chief Justice.

On February 25, 1954, while a customer in the store of M & P Stores, Inc., a Corporation at Wewoka, Oklahoma, Hazel Taylor stepped in a hole in the floor, which extended several inches out from a counter and into the aisle of said store, causing her to turn her body sharply sideways, resulting in permanent injury to her back.

Thereafter Hazel Taylor brought this action for damages resulting from such injuries against the M & P Stores, Inc., alleging that the proximate cause thereof was its negligence in failing to keep floors therein in a safe condition, and in not warning her of the unsafe condition.

The trial resulted in a jury verdict in favor of the plaintiff. From the judgment rendered thereon defendant appeals. The parties will be referred to herein by their trial court designation.

At the outset it should be noted that no question is here presented as to the nature and extent of plaintiff's injuries. Nor is there any contention made that the verdict of the jury is excessive.

It is first contended that the record is devoid of any evidence of negligence on the part of the defendant or that it violated any duty toward the plaintiff, and that by reason thereof the failure to sustain the demurrer to the evidence or motion for directed verdict constituted reversible error.

The evidence on behalf of the plaintiff is directed to the condition of the floor as particularly related to the hole therein extending out from the counter and into the aisle, its existence long prior to, at the time of, and subsequent to plaintiff's injury. In this connection it discloses that wood flooring had deteriorated away from the concrete slab, which together constituted the floor, that the concrete adjacent to such wood floor had crumbled away, leaving a hole several inches long and approximately four inches wide, extending approximately four or five inches out from the counter and into the aisle. The evidence adduced indicates the existence of this condition several months prior to, at the time of, and subsequent to the time plaintiff stepped therein, and that the defendant, through its employees, had knowledge thereof. It further discloses that while making a selection at the counter, plaintiff stepped into such hole, which she had not theretofore seen, even though the store was well

lighted and the hole could have been seen had one looked directly at it.

■ Although the storekeeper is not an insurer of his customer's safety while in the store, he does owe the customer the duty of maintaining the premises, such as the aisle and other portions thereof usually used by the customer, in a reasonably safe condition for such use, and to warn such customer of the dangerous conditions existing in those areas so used, such invitee having the right to assume that it is safe to walk in the aisle near the counter for the purpose of making a selection of that which he or she intends to buy. S. H. Kress & Co. v. Maddox, 201 Okl. 190, 203 P.2d 706; Safeway Stores, Inc., v. Whitehead, 190 Okl. 464, 465, 125 P.2d 194; Romney v. Davis, 208 Okl. 81, 253 P.2d 546.

■ The evidence in this case was sufficient to present the issue of defendant's negligence to the jury. Under proper instructions it determined the issue adversely to the defendant.

The condition of the floor as disclosed by the evidence, was necessarily of gradual development, no temporary condition or sudden change. This being true the case of McKee v. Bowlin, 184 Okl. 486, 87 P.2d 1079; City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462; Magnolia Petroleum Co. v. Barnes, 198 Okl. 406, 179 P.2d 132 are without application.

■ Although it is the general rule that it is error to permit witnesses to testify or pictures to be introduced as to the place of the accident unless it is first shown that the condition of the place at the time to which the testimony is related and the picture taken is substantially the same as at the time of injury, yet, as in the case at bar, where the evidence indicates that the floor and surroundings are in substantially the same condition such testimony and pictures may be admitted. Barnes v. Oklahoma Transportation Co., Inc., Okl., 318 P.2d 455. Suffice it is to say that by the very nature of the floor condition the evidence is sufficient to show that the floor and surroundings were substantially the same long prior to as well as after the time plaintiff stepped into the hole.

■ The condition of the floor, and the existence of the hole is in effect admitted by the defendant. The nature of the condition clearly shows that it was of long duration. It is further clear that the defendant moved from the building in question to new quarters. The testimony as to the remodeling of the building was for the sole purpose of showing the nature of the condition of the floor at the place of the accident. Repair connotes a correcting of a particular situation. Remodel connotes change. All this evidence went to the existence of the hole, which in effect was admitted. Under the facts in this case, and the probative effect of the evidence in question, such evidence was competent having been introduced to show the condition existing at the time of the accident. St. Louis-San Francisco Ry. Co. v. Cauthen, 112 Okl. 256, 241 P. 188, 48 A.L.R. 1447. Even if that were not true, no prejudice could have resulted therefrom, it merely showing that which was admitted, the general bad condition of the floor. Such evidence was, in effect, merely cumulative. The comprehensive annotation in 170 A. L.R. 6–111 is helpful in the consideration of admission of such testimony.

The cases cited and relied upon by the defendant demonstrate factual situations where the admission of such testimony would be prejudicial and the court in each instance so held. The repairs disclosed in each of those cases, were made for the purpose of correcting or to provide a safety measure for the direct cause of the injury. Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okl. 454, 138 P. 790; Foreman v. Chicago, Rock Island & Pac. Ry. Co., 181 Okl. 259, 74 P.2d 350; Montgomery Ward & Co. v. Curtis, 199 Okl. 525, 188 P.2d 199. In the case at bar there was a general remodeling of a floor admittedly in bad condition.

On cross-examination of a major witness in behalf of the defendant, he was asked:

Q. "Mr. Naifeh, who first contacted you as a witness in this case? What was his name?

A That, I do not know. I believe a man from the insurance company— now correct me if I'm wrong on that— come by—(Interrupted)

Q. I didn't ask you that question."

The defendant immediately moved for a mistrial which the trial court denied. The trial court offered to admonish the jury to disregard the reference to insurance. The defendant refused to have the jury so instructed.

■ The rule generally applied in this jurisdiction is that ordinarily any reference that injects the insurance feature, whether accomplished innocently or by design, by statement of counsel or irrelevant testimony on behalf of plaintiff, if plaintiff or his counsel is responsible therefor, is improper and prejudicial to the rights of the defendant and failure to declare a mistrial upon timely motion constitutes reversible error; and an instruction to the jury to disregard the same will not cure the damage done. Dolliver v. Lathion, 183 Okl. 329, 82 P.2d 675; Hankins v. Hall, 176 Okl. 79, 54 P.2d 609; Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033; Bratten v. White, 181 Okl. 543, 75 P.2d 474.

It will be noted that in each of those cases testimony injecting insurance into the case comes from the plaintiff, the plaintiff's attorney or one of the plaintiff's witnesses.

■ We have further held that whether or not testimony is prejudicial and effectually informs the jury that defendant is protected against a judgment by insurance, depends essentially upon the facts and circumstances of each case. Fixico v. Harmon, 180 Okl. 412, 70 P.2d 114; Westgate Oil Co. v. McAbee, 181 Okl. 487, 74 P.2d 1150; Coker v. Moose, 180 Okl. 234, 68 P.2d 504; see also annotation 4 A.L.R.2d 819.

■ Where the statement was voluntarily made by defendant's witness in answer to a proper question on cross-exam-

ination, with no further allusion thereto, we hold that the court's refusal to grant a mistrial was proper.

Turning now to the last contention, we find that the jury returned a verdict for the plaintiff and against the defendant, fixing the recovery in the sum of $36,000, but added the following words: "To be paid at $150 per month for 20 years."

At the time the verdict was returned to the court, although asked by the court, neither party objected to the form of the verdict. The court accepted it and discharged the jury.

After the discharge of the jury, the defendant filed a motion objecting to the form of the verdict. Again on motion for new trial, in addition to other things, it questioned the form thereof. Such objections were overruled.

Thereafter and without approval or request of either of the parties in entering judgment, the court struck out such words as surplusage and rendered judgment thereon for the sum of $36,000.

■■ After the acceptance of the verdict and discharge of the jury the court is without authority to change the verdict. Hale v. Landrith, 201 Okl. 107, 201 P.2d 914. 12 O.S.1951 § 586 provides that a verdict defective in form may be corrected with the assent of the jury before its discharge. Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664; Shamblin v. Shamblin, 206 Okl. 133, 241 P.2d 941. The objections to the form of the verdict by the defendant came too late, after the jury had been discharged.

■■ The words added go far beyond the question of surplusage. Although such a judgment was not suggested by the instructions, it does not appear that a judgment providing for the manner of payment is invalid. Each installment would draw interest at the legal rate from the date same became due.

The verdict should not have been rendered in this form and should not have been received in this form. However, it was received and neither party objected to it and neither party now contends that the ver-

dict was void, and under those circumstances this court will not of its own volition invalidate it.

The defendant, in effect, now accepts such verdict. The plaintiff actually accepted the verdict at the time it was rendered.

It therefore follows that the trial court erred in not rendering judgment in conformity to the verdict.

Judgment is reversed with direction that the court enter judgment in conformity with the verdict in favor of the plaintiff and against the defendant for the sum of $36,000 to be paid at $150 per month for 20 years, each monthly installment to draw interest at 6 per cent from due date only, the first installment to become due twenty days after this judgment becomes final.